■ THOMAS AXON, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant.—In a negligence action to recover damages for personal injuries, etc., the defendant appeals from a judgment of the Supreme Court, Kings County (Dowd, J.), dated April 15, 1985, which, after a jury trial, is in favor of the plaintiff in the principal amount of $62,833.

Judgment reversed, on the law and the facts, with costs, and complaint dismissed.

In response to the complaint of a subway passenger named Ryan, who accused the plaintiff of beating him while on the train, the defendant's employees ordered the plaintiff off the train so that they could investigate the incident. Transit police officers then relocated both the plaintiff and the upset and agitated Ryan to the mezzanine level of the subway station in order to ascertain what had occurred on the train. As the plaintiff stood in the company of the Transit police, Ryan, without warning, reached across one of the officers and punched the plaintiff in the mouth.

The defendant argues that it cannot be held liable in damages for failure to provide adequate police protection to a specific individual such as the plaintiff absent a special relationship between itself and the plaintiff (see, Weiner v Metropolitan Transp. Auth., 55 NY2d 175). Assuming, without conceding, that such a special relationship existed under the facts of this case, the relationship merely establishes the existence of a duty of reasonable care, which the plaintiff must show was violated (see, DeLong v County of Erie, 60 NY2d 296). The officers were not under a duty to insure or guarantee the safety of the plaintiff.

The plaintiff in the case at bar failed to offer proof of lack of reasonable care on the part of the defendant's employees. According to the testimony offered at the trial, one of the transit police officers was standing between and separating the plaintiff and Ryan while he tried to ascertain from both men what had occurred. Certainly, it was reasonable for the officers to have the persons in relatively close proximity to each other when questioning them so that the officers could respond to the two men's versions of what occurred on the train. Moreover, there was no warning or indication that Ryan, although upset, would, in the presence of police officers, engage in physical violence against the plaintiff, who had admittedly struck Ryan while they were both on the train. In

fact, Ryan testified that "I hit him so fast that Superman wouldn't have been able to stop me".

Although it is true that Ryan was agitated and was shouting because of his experience on the train, under all the circumstances of this case, where Ryan had neither threatened nor engaged in prior acts of violence against the plaintiff, the failure of the police to anticipate the sudden assault upon the plaintiff did not constitute negligence *(see, Scalise v City of New York,* 3 NY2d 951). Gibbons, J. P., Thompson, Niehoff and Rubin, JJ., concur.