■ WILLIAM J. MOHAN, JR., Respondent, v STATE OF NEW YORK, Appellant.—In a claim to recover damages for personal injuries and wrongful death, the State of New York appeals from an order of the Court of Claims (Lengyel, J.), dated July 30, 1986, which denied its motion for summary judgment dismissing the claim.

Ordered that the order is affirmed, without costs or disbursements.

Taking the claimant's allegations to be true, as we must for the purposes of this motion, two State Troopers asked the decedent to assist them in the apprehension of the decedent's brother, who had been reported to be armed with a gun. When the troopers and the decedent were unsuccessful that evening, the troopers asked the decedent to help them again the following morning. When the decedent returned to the loca-

tion where his brother was believed to be hiding the following morning, he was shot by his brother.

Although the general rule is that a municipality cannot be held liable for negligence in the performance of a police function, liability may be found where a special relationship existed between the municipality and the injured party, creating a special duty on the part of the former *(see, De Long v County of Erie,* 60 NY2d 296). Such a special relationship exists where a citizen assists the police in the apprehension of a suspect, either as an informant *(see, Schuster v City of New York,* 5 NY2d 75) or as a participant assisting in the apprehension of the suspect *(see, Ast v State of New York,* 123 Misc 2d 200, *affd* 106 AD2d 909, *affd* 66 NY2d 998). Thus, the State may owe a duty to the claimant's decedent. Assuming the claimant's allegations to be true, there are material issues of fact concerning the breach of that duty, requiring a plenary trial. Accordingly, the Court of Claims properly denied the State's motion for summary judgment. Eiber, J. P., Kunzeman, Sullivan and Harwood, JJ., concur.