OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, defendant’s motion for judgment notwithstanding the verdict granted and judgment entered in defendant’s favor dismissing the complaint.
A municipality may not be held liable for injuries resulting from the failure to provide police protection to an individual absent a "special relationship” between the municipality and the individual (Kircher v City of Jamestown, 74 NY2d 251, *800 255; Cuffy v City of New York, 69 NY2d 255, 260). Such a relationship cannot be established without proof that the injured party had direct contact with the municipality’s agents and justifiably relied to his or her detriment on the municipality’s assurances that it would act on that party’s behalf (Kircher v City of Jamestown, supra, at 259; Cuffy v City of New York, supra, at 260).
Here, there was no evidence that the decedent contacted the municipality’s agents or relied on any assurances of assistance, and the involvement of third parties did not satisfy these requirements. On this record, we cannot conclude that the municipality’s conduct deprived decedent of assistance that reasonably could have been expected from another source (cf., Sorichetti v City of New York, 65 NY2d 461; Florence v Goldberg, 44 NY2d 189).
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone and Hancock, Jr., concur; Judge Bellacosa concurs on constraint of Kircher v City of Jamestown (74 NY2d 251), noting that this "911” domestic violence case represents another troublesome application of the special duty municipal liability immunity rule and that the court itself recognized in Kircher (id., at 259) that change would have to come from the Legislature.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, with costs, defendant’s motion for judgment notwithstanding the verdict granted, and judgment granted in defendant’s favor dismissing the complaint, in a memorandum.