■ RAMMY RABADI, an Infant, by SULIMAN RABADI, His Father and Natural Guardian, et al., Appellants, v COUNTY OF WESTCHESTER et al., Respondents, et al., Defendants.—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered January 4, 1989, as granted the motion of the County of Westchester, Liberty Lines Transit, Inc., and Liberty Lines Express, Inc. for summary judgment dismissing the complaint insofar as it is asserted against them, and from so much of a judgment of the same court, entered January 27, 1989, as is in favor of those defendants and against the plaintiffs.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

On October 15, 1986, at about 7:00 A.M., the infant plaintiff was punched by a fellow student on a public bus on the way to his high school in White Plains. The infant sustained a broken nose as a result of the fight.

The plaintiffs claim that the respondents were negligent in that they failed to prevent the assault upon the infant plaintiff because they were allegedly aware of the assailant's propensity for violence and disruption aboard the bus so that a special duty of care existed with respect to the infant plaintiff.

We find that the respondents set forth sufficient evidentiary proof in admissible form in support of their motion for summary judgment (see, CPLR 3212 [b]). The fact that their supporting proof was placed before the court by way of an attorney's affirmation annexing the plaintiffs' deposition testimony, rather than affidavits based upon personal knowledge, does not defeat the motion for summary judgment (see, Gaeta v New York News, 62 NY2d 340, 350; Zuckerman v City of New York, 49 NY2d 557).

We find, however, that the plaintiffs' opposition to the motion failed to raise a material issue of fact (see, CPLR 3212 [b]). Even assuming that a special relationship existed between the respondents and the infant plaintiff, that relationship merely established the existence of a duty of reasonable care which the plaintiffs were required to show was violated (see, Axon v New York City Tr. Auth., 120 AD2d 475). The plaintiffs failed to show any lack of reasonable care on the part of the respondents (see, Weiner v Metropolitan Transp. Auth., 55 NY2d 175).

Merely because the assailant may have been disruptive on the bus at some previous time does not warrant any finding that the respondents were on notice of disorderly conduct at the time of the instant incident (see, Weiner v Metropolitan Transp. Auth., supra; Scalise v City of New York, 2 AD2d 984). Under the circumstances, there was no warning or indication that the assailant would engage in physical violence against the infant plaintiff. The alleged failure of the bus driver to anticipate the sudden assault upon the infant plaintiff cannot, therefore, be held to constitute negligence on the part of these defendants (see, Axon v New York City Tr. Auth., supra).

While plaintiffs claim that they require discovery with respect to facts exclusively within the respondents' possession, they have not indicated what, if any, reasonable attempts were made to ascertain those facts (see, Lo Breglio v Marks, 105 AD2d 621, affd 65 NY2d 620). Kunzeman, J. P., Kooper, Sullivan and Harwood, JJ., concur.