■ OSHER KATZMAN, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondent.—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Garry, J.), entered September 20, 1990, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff seeks to recover damages for injuries suffered as the result of an assault that occurred on a bus of the defendant Transit Authority driven by the defendant Paulette Anderson. The plaintiff had felt another passenger trying to take his wallet, and when he protested, the other individual began to hit him. The bus travelled for approximately one and one-half blocks before Anderson was able to reach a telephone to call the police.

Contrary to the plaintiff's contention, we find that the defendants were properly granted summary judgment. Even if we were to adopt the plaintiff's argument that a special relationship existed between the defendants and himself *(see generally, Cuffy v City of New York,* 69 NY2d 255, 260), that relationship merely established the existence of a duty of reasonable care which the plaintiff was required to show was violated *(see, Rabadi v County of Westchester,* 160 AD2d 858; *Axon v New York City Tr. Auth.,* 120 AD2d 475). The plaintiff failed to show any lack of reasonable care on the part of the defendants *(see, Weiner v Metropolitan Transp. Auth.,* 55 NY2d 175; *cf., Crosland v New York City Tr. Auth.,* 68 NY2d 165). Mangano, P. J., Kooper, Harwood and Balletta, JJ., concur.