■ JOHN KILMETIS, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents, et al., Defendant.—In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Leviss, J.), dated June 1, 1990, which, *inter alia,* upon an order of the same court dated February 26, 1990, granting the motion of the defendants New York City Transit Authority, Howard Silverman, and Darlene Clingen for summary

judgment dismissing the complaint insofar as it is asserted against them, is against him and in favor of those defendants.

Ordered that the judgment is affirmed, with costs.

The instant action arises from an assault against the plaintiff committed by the defendant Gonzalez in the presence of two New York City Transit Authority police officers. The officers, upon seeing the plaintiff engaged in a loud verbal dispute with Gonzalez, a fellow subway passenger, physically separated the individuals. The defendant Officer Howard Silverman maintained a physical hold upon Gonzalez, while questioning him as to the cause for the dispute. Meanwhile, Officer Darlene Clingen questioned the plaintiff, but maintained no physical restraint over his movement. Suddenly, Gonzalez broke free from Officer Silverman's grasp and struck the plaintiff, who allegedly incurred a serious head injury.

In the absence of a special relationship, a municipality, or its subdivision, may not be held liable for injuries resulting from the negligent failure to provide police protection *(see, Cuffy v City of New York,* 69 NY2d 255). Under the circumstances presented herein, the plaintiff has failed to adduce facts sufficient to establish the existence of a special relationship between himself and the New York City Transit Authority *(see, Kircher v City of Jamestown,* 74 NY2d 251). In any event, assuming its existence, a special relationship merely establishes that the New York City Transit Authority owed to this particular plaintiff a duty of reasonable care in protecting his person *(see, Axon v New York City Tr. Auth.,* 120 AD2d 475). This plaintiff has not offered proof that the New York City Transit Authority police officers failed to exercise reasonable care. Indeed, the plaintiff and Gonzalez were only engaged in a verbal confrontation when the officers arrived on the scene, and there was no indication that Gonzalez, although upset, would suddenly engage in a physical act of violence against the plaintiff *(see, Axon v New York City Tr. Auth., supra).* Bracken, J. P., Lawrence, Eiber and Miller, JJ., concur.