OPINION OF THE COURT
Arnold N. Price, J.
In this action to recover damages for wrongful death and conscious pain and suffering, defendant City of New York *787 seeks an order granting summary judgment dismissing the complaint pursuant to CPLR 3211 (a) (7) and 3212.
Plaintiffs decedent, Mildred Greene, was shot and killed at 4:30 a.m. on October 4, 1987 at Big D’s Car Service in Jamaica where she worked part time as a radio dispatcher. On September 2, 1987, Ms. Greene was a witness to a shooting in which four men were injured outside of Big D’s. Ms. Greene assisted the police in their investigation of the shooting, identified a suspect and a weapon used in the shooting and testified about these events at a Grand Jury proceeding on October 1, 1987. Derrick Kornegay as well as another individual were later indicted on charges of attempted murder stemming from the September 2, 1987 shooting. Ms. Greene’s identity became known to Mr. Kornegay, possibly as a result of her being spotted outside the Grand Jury room by Mr. Kornegay’s girlfriend and his attorney.
On October 2, 1987, a telephone death threat was made against Mildred Greene at Big D’s in retaliation for her testimony. The death threat was communicated to another radio dispatcher, Shannell Reid. Ms. Reid believed that the caller was Tracy Middleton, an individual known to her from the neighborhood. The caller asked about Ms. Greene’s hours of employment and told Ms. Reid to leave the office at midnight as Ms. Greene would be killed that night. Ms. Reid informed Frank Favors, the owner of Big D’s, of the death threat. Mr. Favors had also assisted the police in their investigation of the September 2, 1987 shooting. Mr. Favors reported the death threat to a detective at the 113th Precinct at 10:35 p.m., which resulted in additional police patrols in the area of Big D’s on the night of October 2, 1987. No further actions were taken by the police and the police did not inform Ms. Greene of the death threat. Mr. Favors told Ms. Greene about the death threat when she reported to work at 11:45 p.m. on October 2, 1987 and remained with her in the dispatcher’s office until she finished work at 8:00 a.m. on October 3, 1987. Ms. Greene was shot and killed on October 4, 1987, while alone in the dispatcher’s office, less than 30 hours after the death threat was reported to the police. Derrick Kornegay, Tracy Middleton, Winston Waddell and Paul King were charged with the murder of Mildred Greene and were subsequently convicted.
Plaintiffs complaint alleges two causes of action for wrongful death and conscious pain and suffering based upon the City of New York’s alleged failure to protect Ms. Greene, a *788 Grand Jury witness, once the death threat was made known to the police.
Defendant City of New York now seeks an order dismissing the complaint on the grounds that it fails to state a cause of action. Defendant asserts that the alleged failure to provide police protection is not actionable against a municipality, absent the existence of a special duty or special relationship. It is asserted that the elements of a special relationship, as set forth in Cuffy v City of New York (69 NY2d 255) are neither adequately pleaded nor proven. In particular the City argues that there was no promise of police protection and that Ms. Greene did not rely upon such a promise to her detriment.
Plaintiff, in opposition, asserts that under the principles set forth in Schuster v City of New York (5 NY2d 75), the City owed Mildred Greene a special duty to provide police protection as she was an informant and a Grand Jury witness, and the police were aware of the death threat against her. It is further asserted that decedent’s inability to establish the element of reliance was due to the failure of the police to inform her of the death threat and to provide continued protection. It is argued that these omissions on the part of the police should not result in the denial of plaintiff’s claims.
It is well established that a municipality may not be held liable for injuries resulting from the failure to provide police protection to an individual absent a "special relationship” between the individual and the municipality. (Merced v City of New York, 75 NY2d 798; Kircher v City of Jamestown, 74 NY2d 251, 255-256.) In Cuffy v City of New York (69 NY2d 255, 260, supra) the Court of Appeals set forth the elements of a "special relationship” as "(1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality’s agents that inaction could lead to harm; (3) some form of direct contact between the municipality’s agents and the injured party; and (4) that party’s justifiable reliance on the municipality’s affirmative undertaking”.
A special relationship between an individual and a municipality has also been found to exist where the individual collaborates with the police in the arrest or prosecution of a criminal and is threatened with bodily harm as a result. In Schuster v City of New York (5 NY2d 75, supra) the City was held liable when a young man, Arnold Schuster, supplied information to the police which led to the arrest of the bank *789 robber, Willie Sutton, a notorious, dangerous fugitive. Mr. Schuster immediately received death threats which he reported to police. His request for protection was denied and he was shot and killed three weeks later. The killer was never identified but was believed to be a cohort of Willie Sutton. The Court of Appeals held that "the public (acting in this instance through the City of New York) owes a special duty to use reasonable care for the protection of persons who have collaborated with it in the arrest or prosecution of criminals, once it reasonably appears that they are in danger due to their collaboration. If it were otherwise, it might well become difficult to convince the citizen to aid and co-operate with the law enforcement officers”. (Schuster v City of New York, supra, at 80-81.)
Schuster (supra) has not been overruled, abandoned, restricted or modified or subsumed by the long line of cases requiring the existence of a "special relationship” as cited in Kircher (supra) and Cuffy (supra). Rather, a special relationship or special duty already exists where an individual collaborates with the police in the arrest and prosecution of a criminal and is thereafter threatened with bodily harm. Under these circumstances, an individual need not plead or establish the elements of a special relationship as set forth in Cuffy (supra). (Schuster v City of New York, supra; cf., Ast v State of New York, 66 NY2d 998; Mohan v State of New York, 131 AD2d 737; Yearwood v Town of Brighton, 101 AD2d 498, 501-502, affd 64 NY2d 667; Riss v City of New York, 27 AD2d 217, 218, affd 22 NY2d 579, 583.)
In the case at bar, Mildred Greene was a witness to a crime and at the request of the police assisted in their investigation and arrest of the suspects, and testified at the Grand Jury proceeding. As a result of this testimony a death threat was made against Ms. Greene, which was known to the police. Under these circumstances, the court finds that this case is indistinguishable from Schuster (supra) and that a special relationship existed between Ms. Greene and the municipality. The court further finds that plaintiff’s complaint sufficiently alleges the existence of a special relationship and defendant’s alleged negligence in failing to inform Ms. Greene of the threat and to provide continued police protection.
In view of the foregoing, defendant’s motion to dismiss the complaint is denied.