■ LUCRETIA JONES, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent.—Order and judgment (one paper), Supreme Court, Bronx County (Douglas E. McKeon, J.), entered July 26, 1991, which granted defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, the motion is denied and the complaint reinstated, without costs.

Plaintiff, a New York City Emergency Medical Services ("EMS") technician, brought this action seeking damages for personal injuries sustained while on duty on March 25, 1986. At or about midnight that day, plaintiff and her partner,

Giselle Gonzalez, responded to an emergency call placed by agents of defendant, New York City Transit Authority ("Transit Authority"), who requested medical assistance for a woman at the 138th Street subway station in the Bronx. Upon arriving at the scene, plaintiff observed two Transit Authority police officers and a woman lying on the platform. As plaintiff and her partner proceeded to render assistance to the woman, she suddenly jumped up and began attacking the EMS technicians.

Plaintiff alleges that she and her partner repeatedly called for assistance from the two officers, but that they merely stood by and witnessed the ongoing assault without rendering any assistance whatsoever. Plaintiff further alleges that, as a result of the attack, she sustained severe and permanent injuries.

In moving for summary judgment, the Transit Authority asserted that plaintiff had failed to establish the existence of a special relationship with the police officers, a prerequisite to the maintenance of a lawsuit predicated upon lack of police protection *(see, Cuffy v City of New York,* 69 NY2d 255; *Kircher v City of Jamestown,* 74 NY2d 251). The IAS court agreed, and granted defendant's motion. We reverse.

It is well established that, absent a special relationship, a municipality may not be held liable for failure to provide police protection to an individual, since its duty is ordinarily owed to the public at large, and not to a specific person *(Crosby v Town of Bethlehem,* 90 AD2d 134; *Riss v City of New York,* 27 AD2d 217, *affd* 22 NY2d 579). Defendant Transit Authority, which performs governmental functions, is under no greater duty to provide police protection than other municipal defendants *(see, Weiner v Metropolitan Transp. Auth.,* 55 NY2d 175).

Upon examination of this record, however, we are satisfied that a special relationship did exist between plaintiff and the Transit Authority police officers present on the platform. In *Cuffy v City of New York (supra,* at 260), the Court of Appeals listed the elements comprising a special relationship as follows: "(1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance on the municipality's affirmative undertaking".

As applied to the case at bar, these standards are met through the particular circumstances presented. First, the municipality assumed a duty to act on behalf of plaintiff through its affirmative act of summoning EMS personnel to the specific location and for the specific purpose of treating the person who subsequently inflicted plaintiff's injuries. Next, it is reasonable to conclude that, once the assault began, defendant's agents at the scene were aware that their inaction could lead to harm. With respect to the third element, there was direct contact between the officers and plaintiff, who joined them at the scene of the incident. Finally, plaintiff was unquestionably justified in relying upon the Transit Authority police officers for safety when she responded to their midnight call summoning her to the 138th Street subway station.

In light of these facts, we conclude that a special relationship existed between the municipality and plaintiff. By so ruling, we make no finding with respect to whether the alleged actions or omissions attributed to the police officers constituted a breach of the special duty owed to plaintiff. Rather, we simply hold that, in these circumstances, the elements of a special relationship were met. Concur—Sullivan, J. P., Carro, Kupferman, Kassal and Smith, JJ.