■ ADRIENNE GREENE, Individually and as Administratrix of the Estate of MILDRED GREENE, Deceased, Appellant, v CITY OF NEW YORK, Respondent. [613 NYS2d 418] —In an action to recover damages for negligence, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Milano, J.)

dated July 23, 1991, which, upon an order granting the defendant's motion to dismiss the complaint at the conclusion of a jury trial, dismissed the complaint.

Ordered that the judgment is affirmed, without costs or disbursements.

The Supreme Court properly granted the defendant's motion to dismiss the complaint at the conclusion of the trial as the plaintiff failed to demonstrate a "special relationship" between the decedent and the defendant municipality *(see, Merced v City of New York,* 75 NY2d 798, 799; *Kircher v City of Jamestown,* 74 NY2d 251, 255; *Cuffy v City of New York,* 69 NY2d 255, 260; *Riss v City of New York,* 22 NY2d 579, 581; *Rodriguez v City of New York,* 189 AD2d 166, 172; *Kilmetis v New York City Tr. Auth.,* 181 AD2d 659, 660). There was no evidence at the trial that the decedent was promised protection or that the decedent requested protection from the police upon learning of a threat to her life. Thus, after the threat there was no direct contact between the decedent and the police and no reliance on promises of protection or a breach of any special duty by a refusal to give assistance *(see, Wolff v City of New York,* 190 AD2d 732; *Yearwood v Town of Brighton,* 101 AD2d 498, 501, *affd* 64 NY2d 667).

The fact that the decedent's employer called the police about the threat is insufficient absent evidence that the employer received assurances from the police and those assurances were communicated to the decedent who acted in reliance thereon *(see, Merced v City of New York,* 75 NY2d, at 800, *supra; Kircher v City of Jamestown,* 74 NY2d, at 254, 257-258, *supra; Helman v County of Warren,* 111 AD2d 560, *affd* 67 NY2d 799; *compare, Freidfertig Bldrs. v Spano Plumbing & Heating,* 173 AD2d 454, 455). Rosenblatt, J. P., Miller, Lawrence and Florio, JJ., concur.