■ LENNOX ALLEYNE, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants, et al., Defendant. [617 NYS2d 523]

—In a negligence action to recover damages for personal injuries, the defendants New York City Transit Authority and Joseph Intoci appeal from an order of the Supreme Court, Kings County (Bernstein, J.), entered May 5, 1993, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion for summary judgment is granted and the complaint insofar as asserted against the defendants New York City Transit Authority and Joseph Intoci is dismissed.

The plaintiff was stabbed by the defendant Andrew Elmore as he was standing in the back of a crowded bus owned by the appellant New York City Transit Authority and driven by the appellant Joseph Intoci. The attack began while the bus was at 25th Street and Surf Avenue in Brooklyn, and was over by the time the bus made its next stop at 27th Street and Surf Avenue. When Intoci made his way to the rear of the bus, the plaintiff and defendant Elmore had already left the scene.

"The New York City Transit Authority owes no duty to protect a person on its premises from assault by a third person, absent facts establishing a special relationship between the authority and the person assaulted." *(Weiner v Metropolitan Transp. Auth.,* 55 NY2d 175, 178.) The plaintiff here does not claim that such a special relationship exists and, in any event, we find that the plaintiff has failed to show any lack of reasonable care on the part of the appellants such as would warrant an exception to the *Weiner* rule *(cf., Crosland v New York City Tr. Auth.,* 68 NY2d 165). Accordingly, the appellants are entitled to summary judgment dismissing the complaint insofar as asserted against them. Balletta, J. P., Rosenblatt, Miller and Ritter, JJ., concur.