■ BERNICE TIDD, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [630 NYS2d 940] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Hutcherson, J.), dated April 29, 1994, which granted the defendant's motion for summary judgment and denied the plaintiff's cross motion to compel the defendant to comply with certain discovery demands.

Ordered that the order is affirmed, with costs.

The Court of Appeals has explicitly stated that "[t]he New York City Transit Authority owes no duty to protect a person on its premises from assault by a third person, absent facts estabishing a special relationship between the authority and the person assaulted" (*Weiner v Metropolitan Transp. Auth.,* 55 NY2d 175, 178). In this case, the plaintiff does not claim that such a special relationship existed, nor does the record contain facts sufficient to warrant the conclusion that the alleged act/ omission of the Transit Authority employee was outside the boundaries of the policy-based governmental immunity established in *Weiner (supra) (cf., Crosland v New York City Tr. Auth.,* 68 NY2d 165, 170). Accordingly, the Transit Authority was entitled to summary judgment dismissing the complaint.

We have examined the plaintiff's remaining contentions and find them to be without merit. Bracken, J. P., Balletta, Pizzuto and Hart, JJ., concur.