■ ALICE HARRELL et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [634 NYS2d 172] —In an action, *inter alia,* to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Jackson, J.), dated April 25, 1994, which denied its motion pursuant to CPLR 3211 (a) (7) and CPLR 3212 to dismiss the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The injured plaintiff was shot in the leg by an unidentified assailant standing near the rear exit doors while she was riding on a bus owned by the defendant. Prior to the gun shot, the bus driver had not noticed any unusual activity on the bus. The gun shot came as a complete surprise to the bus driver and the plaintiff and was fired just when the bus stopped and had its doors open. There was evidence that the assailant fired the shot from outside of the bus through the rear exit doors. When the bus driver made his way to the rear of the bus to investigate, the assailant had already left the scene.

The New York City Transit Authority owes no duty to protect a person on its premises from assault by a third person absent facts establishing a special relationship between the Transit Authority and the person assaulted. If a special relationship is found to exist, the plaintiff must establish that the Transit Authority did not exercise reasonable care in protecting the plaintiff under the circumstances *(see, Weiner v Metropolitan Transp. Auth.,* 55 NY2d 175, 178; *Alleyne v New York City Tr. Auth.,* 208 AD2d 666; *Rabadi v County of Westchester,* 160 AD2d 858). Here, there are no facts establishing a special relationship and, in any event, the plaintiffs failed to show that the defendant did not exercise reasonable care under the circumstances. Balletta, J. P., Rosenblatt, Pizzuto, Joy and Altman, JJ., concur.