■ SUSAN OPPENHEIM, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [655 NYS2d 645] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Greenstein, J.), dated March 28, 1996, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The New York City Transit Authority "owes no duty to protect a person on its premises from assault by a third person, absent facts establishing a special relationship between the

authority and the person assaulted" *(Weiner v Metropolitan Transp. Auth.,* 55 NY2d 175, 178; *Harrell v New York City Tr. Auth.,* 221 AD2d 591; *Tidd .v New York City Tr. Auth.,* 218 AD2d 694; *Alleyne v New York City Tr. Auth.,* 208 AD2d 666).

Here, there are no facts establishing a special relationship. Although a transit employee observed the plaintiff when she was engaged in a verbal dispute with another passenger, and that passenger later assaulted the plaintiff, the plaintiff was "owed no special duty of care by defendant to protect her from the sudden and unforeseeable assault" *(Katz v Manhattan & Bronx Surface Tr. Operating Auth.,* 233 AD2d 231, 232). Because "there was no warning or indication that the assailant would engage in physical violence against the * * * plaintiff [t]he alleged failure of the [transit employee] to anticipate the * * * assault * * * cannot, therefore, be held to constitute negligence" *(Rabadi v County of Westchester,* 160 AD2d 858, 859). The plaintiff's claim that the transit employee must have viewed the assault is based on speculation and conjecture, and is insufficient to defeat the motion *(see, Morgan v New York Tel.,* 220 AD2d 728; *Federal Deposit Ins. Corp. v Jacobs,* 185 AD2d 913). Rosenblatt, J. P., Thompson, Altman and Luciano, JJ., concur.