■ TIMOTHY DIAZ, an Infant, by His Mother and Natural Guardian, MARIA HAM, et al., Respondents, v CITY OF NEW YORK, Defendant, and NEW YORK CITY TRANSIT AUTHORITY, Appellant. [672 NYS2d 747] —In an action to recover damages for personal injuries, etc., the defendant New York City Transit Authority appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Bruno, J.), dated April 16, 1997, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed in its entirety.

It is well established that the New York City Transit Authority owes no duty to protect a person on its premises from assault by a third person absent facts establishing a special relationship between the authority and the person assaulted (*see, Weiner v Metropolitan Transp. Auth.,* 55 NY2d 175; *Oppenheim v New York City Tr. Auth.,* 237 AD2d 588; *Harrell v New York City Tr. Auth.,* 221 AD2d 591; *Alleyne v New York City Tr. Auth.,* 208 AD2d 666). In addition, even if a special relationship is found to exist, a plaintiff must still establish that the Transit Authority did not exercise reasonable care in protecting him or her under the circumstances (*see, Harrell v New York City Tr. Auth., supra; Alleyne v New York City Tr. Auth., supra).* Here, there are no facts establishing a special relationship and, in any event, the plaintiffs failed to show that the appellant did not exercise reasonable care under the circumstances. Ritter, J. P., Thompson, Friedmann and Goldstein, JJ., concur.