■ JOSEPHINA LOUIS et al., Respondents, v DONALD KNOWLES, Respondent, and NEW YORK CITY TRANSIT AUTHORITY, Appellant. [854 NYS2d 767]—

In an action to recover damages for personal injuries, etc., the defendant New York City Transit Authority appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Kings County (Schack, J.), entered July 31, 2006, as, upon, inter alia, a jury verdict finding it 30% at fault in the happening of the incident and the denial of its motion pursuant to CPLR 4404 (a) to set aside the verdict and for judgment as a matter of law dismissing the complaint insofar as asserted against it, is in favor of the plaintiffs and against it in the principal sum of $180,000.

Ordered that the judgment is reversed insofar as appealed from, on the law and the facts, with costs, the motion of the defendant New York City Transit Authority pursuant to CPLR 4404 (a) to set aside the verdict and for judgment as a matter of law is granted, and the complaint is dismissed insofar as asserted against that defendant.

On September 13, 1996 the infant plaintiff, then 17 years old, was physically assaulted by a gang of youths, including the infant defendant Donald Knowles (hereinafter Knowles), while riding in a subway car operated by the defendant New York City Transit Authority (hereinafter the Transit Authority), resulting in several lacerations to his face and neck requiring more than 100 stitches. On or about April 18, 1997 the infant plaintiff's mother Josephina Louis commenced this action against Knowles and the Transit Authority to recover damages for the personal injuries sustained by her son, and interposed a derivative cause of action. The infant plaintiff died on February 1, 2000 from unrelated causes before the matter proceeded to trial. Following a jury trial on the issue of liability, the jury found Knowles 70% at fault and the Transit Authority 30% at fault in the happening of the incident. After a subsequent trial on damages, the jury awarded damages in the sum of $600,000 for the infant plaintiff's pain and suffering from the date of the occurrence until his death. The Transit Authority appeals, contending, inter alia, that it did not owe the infant plaintiff a duty to prevent injury from third persons.

The evidence, viewed in the light most favorable to the plaintiffs, was legally insufficient to support the jury's verdict as to the Transit Authority and thus, its motion pursuant to CPLR 4404 (a) for judgment as a matter of law dismissing the complaint insofar as asserted against it should have been granted. The Transit Authority "owes no duty to protect a person on its premises from assault by a third person, absent facts establishing a special relationship between the authority and the person assaulted" (*Weiner v Metropolitan Transp. Auth.*, 55 NY2d 175, 178 [1982]; *see Oppenheim v New York City Tr. Auth.*, 237 AD2d 588 [1997]; *Harrell v New York City Tr. Auth.*, 221 AD2d 591 [1995]; *Alleyne v New York City Tr. Auth.*, 208 AD2d 666 [1994]). "In addition, even if a special relationship is found to exist, a plaintiff must still establish that the Transit Authority did not exercise reasonable care in protecting him or her under the circumstances" (*Diaz v City of New York*, 250 AD2d 571, 571 [1998]; *see Harrell v New York City Tr. Auth.*, 221 AD2d at 591; *Alleyne v New York City Tr. Auth.*, 208 AD2d at 667). Here, there are no facts establishing a special relation-

ship and, in any event, the plaintiffs failed to show that the Transit Authority did not exercise reasonable care under the circumstances. The plaintiffs' claim that the Transit Authority's employees must have viewed the assault is based on speculation and conjecture and is insufficient to sustain the verdict against the Transit Authority (*see Castellano v New York City Tr. Auth.*, 38 AD3d 822, 823 [2007]; *Oppenheim v New York City Tr. Auth.*, 237 AD2d at 589; *cf. Crosland v New York City Tr. Auth.*, 68 NY2d 165 [1986]).

The Transit Authority's remaining contentions either are improperly raised for the first time on appeal or need not be reached in light of our determination. Mastro, J.P., Covello, Dickerson and Eng, JJ., concur.