■ MARIA BESEDINA, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents, et al., Defendants. [902 NYS2d 369]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Kerrigan, J.), entered March 27, 2009, as granted that branch of the motion of the defendants New York City Transit Authority, Harmodio Cruz, and John Koort which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

"The New York City Transit Authority owes no duty to protect a person on its premises from assault by a third person, absent facts establishing a special relationship between the authority and the person assaulted" (*Weiner v Metropolitan Transp. Auth.*, 55 NY2d 175, 178 [1982]; *see Louis v Knowles*, 50 AD3d 646, 647 [2008]). Here, the plaintiff does not claim that such a special relationship existed (*see Tidd v New York City Tr. Auth.*, 218 AD2d 694 [1995]; *Alleyne v New York City Tr. Auth.*, 208 AD2d 666 [1994]), nor are there any facts establishing a special relationship (*see Diaz v City of New York*, 250 AD2d 571 [1998]; *Harrell v New York City Tr. Auth.*, 221 AD2d 591 [1995]).

The plaintiff's contention that the respondents failed to observe "common standards of behavior" so as to place this case "within the narrow range of circumstances which could be found to be actionable" (*Crosland v New York City Tr. Auth.*, 68 NY2d 165, 170 [1986]), is without merit. The respondents established, prima facie, their entitlement to judgment as a matter of law by submitting evidence that the defendants Harmodio Cruz and John Koort, as employees of the defendant New York City Transit Authority, reported the attack on the plaintiff as soon as they became aware of it. In response to this prima facie showing, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the respondents' motion for summary judgment dismissing the complaint insofar as asserted against them (*see Miller v City of New York*, 277 AD2d 363, 364 [2000]; *Rios v New York City Tr. Auth.*, 251 AD2d 484, 484 [1998]; *Lee v New York City Tr. Auth.*, 249 AD2d 93, 94 [1998]; *Tidd v New York City Tr. Auth.*, 218 AD2d at 694; *Katzman v New York City Tr. Auth.*, 174 AD2d 607 [1991]; *cf. Crosland v New York City Tr. Auth.*, 68 NY2d at 170; *Bastien v New York City Tr. Auth.*, 67 AD3d 716, 717 [2009]).

The plaintiff's remaining contentions are without merit. Rivera, J.P., Fisher, Florio and Austin, JJ., concur.