■ REGIS PHILIP, Respondent, v JACOB MORAN, an Infant, by His Legal Guardian, DIANE A. MORAN, et al., Defendants, and CITY OF NEW YORK, Appellant. [7 NYS3d 294]—

In an action to recover damages for personal injuries, the defendant City of New York appeals from an order of the Supreme Court, Kings County (Baynes, J.), dated June 26, 2013, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant City of New York for summary judgment dismissing the complaint insofar as asserted against it is granted.

On December 6, 2009, the plaintiff allegedly was assaulted in his driveway by the teenaged defendant, Jacob Moran. The

plaintiff's wife called the 911 emergency telephone number, and two New York City police officers responded to the scene. The plaintiff told the officers that he had seen Moran enter a nearby house, and he walked the officers over to the house. One officer went to the door of the house, while the plaintiff stood near the other officer. The plaintiff testified that the officers did not say anything to him while they were walking or while they waited outside of the house. Moran then emerged, ran toward the plaintiff, and punched him. The officers arrested Moran. The plaintiff commenced this action against, among others, the defendant City of New York, alleging that the officers were negligent in failing to protect the plaintiff.

Contrary to the plaintiff's contention, the officers' conduct during the incident constituted a governmental function (*see Price v New York City Hous. Auth.*, 92 NY2d 553, 558 [1998]; *Melby v Duffy*, 304 AD2d 33, 39 [2003]). "Under the public duty rule, although a municipality owes a general duty to the public at large to furnish police protection, this does not create a duty of care running to a specific individual sufficient to support a negligence claim, unless the facts demonstrate that a special duty was created" (*Valdez v City of New York*, 18 NY3d 69, 75 [2011]). Therefore, the City cannot be held liable unless there existed a special relationship between it and the plaintiff (*see Valdez v City of New York*, 18 NY3d at 75; *Torres v City of New York*, 116 AD3d 947, 948 [2014]). "The elements of this special relationship are: (1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance on the municipality's affirmative undertaking" (*Cuffy v City of New York*, 69 NY2d 255, 260 [1987]). Here, the City made a prima facie showing of entitlement to judgment as a matter of law by demonstrating that no such special relationship existed which would give rise to a duty of care to the plaintiff individually (*see Kilmetis v New York City Tr. Auth.*, 181 AD2d 659 [1992]; *cf. Jones v New York City Tr. Auth.*, 183 AD2d 658 [1992]; *see generally Cuffy v City of New York*, 69 NY2d 255 [1987]). The evidence submitted by the City demonstrated that the police officers were performing their general duty to the public at large by responding to a call regarding a completed crime, and in the course of the investigation, made no promises to the plaintiff, in word or action, that gave rise to an affirmative duty of care running to the plaintiff personally. In opposition, the plaintiff failed to raise a triable issue of fact.

In light of our determination on the issue of duty, we need not reach the issue of whether the City would also be entitled to summary judgment dismissing the complaint insofar as asserted against it based on the governmental function immunity defense for acts involving the exercise of discretionary authority (*see Valdez v City of New York*, 18 NY3d at 84; *Sutton v City of New York*, 119 AD3d 851, 853 [2014]).

Accordingly, the Supreme Court should have granted the City's motion for summary judgment dismissing the complaint insofar as asserted against it. Mastro, J.P., Chambers, Austin and Miller, JJ., concur.