Flynn v Town of Southampton (2019 NY Slip Op 08393)





Flynn v Town of Southampton


2019 NY Slip Op 08393


Decided on November 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2017-05060
2017-05914
 (Index No. 15028/06)

[*1]Karen Flynn, etc., et al., appellants, 
v
Town of Southampton, respondent, et al., defendant.


Sullivan Papain Block McGrath & Cannvo P.C., New York, NY (Stephen C. Glasser and Gabriel A. Arce-Yee of counsel), for appellants.
Devitt Spellman Barrett, LLP, Smithtown, NY (John M. Denby of counsel), for respondent.
Dennis M. Brown, County Attorney, Hauppauge, NY (Jessica A. Leis of counsel), for defendant County of Suffolk.



DECISION & ORDER
In an action, inter alia, to recover damages for wrongful death, the plaintiffs appeal from (1) an order of the Supreme Court, Suffolk County (Joseph Pastoressa, J.), dated March 20, 2017, and (2) a judgment of the same court entered May 4, 2017. The order, insofar as appealed from, granted that branch of the motion of the defendant Town of Southampton which was for summary judgment dismissing the complaint insofar as asserted against it. The judgment, insofar as appealed from, is in favor of the defendant Town of Southampton and against the plaintiffs dismissing the complaint insofar as asserted against that defendant.
ORDERED that the appeals purportedly taken by the plaintiff Robert Hugh Flynn are dismissed, without costs or disbursements, so much of the order as granted that branch of the motion of the defendant Town of Southampton which was for summary judgment dismissing the complaint insofar as asserted against it by that plaintiff is vacated, and so much of the judgment as is in favor of the defendant Town of Southampton and against that plaintiff is vacated; and it is further,
ORDERED that the appeal by the plaintiff Karen Flynn from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed insofar as reviewed on the appeal by the plaintiff Karen Flynn; and it is further,
ORDERED that one bill of costs payable by the plaintiff Karen Flynn is awarded to the defendant Town of Southampton.
The appeal by the plaintiff Karen Flynn from the order dated March 20, 2017, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment on May 4, 2017 (see Matter of Aho, 39 NY2d 241, 248). The issues raised on her appeal from the order [*2]are brought up for review and have been considered on her appeal from the judgment (see CPLR 5501[a][1]).
During the evening of March 8, 2005, Robert Hugh Flynn (hereinafter the decedent) initiated by use of his cell phone two calls to the 911 emergency number that were routed to the police department of the defendant Town of Southampton. The decedent indicated that he needed assistance and was on Highway Road 39 "off the highway at Shinnecock Hills." The 911 dispatcher called the decedent's cell phone number to try to determine his location, but was unsuccessful. After the cell phone number was captured by the 911 system, the police contacted the cellular carrier's emergency subscriber information number and obtained the decedent's home address. A detective went to the home address and spoke with the decedent's wife, the plaintiff Karen Flynn (hereinafter the plaintiff), who told the detective that the decedent was working at a construction site in Sag Harbor. The Town police department continued its search after the decedent could not be located in Sag Harbor. At approximately 9:45 p.m., the decedent's body was found near his car in the vicinity of the Shinnecock Hills Golf Course.
In May 2006, the plaintiff, in her individual capacity and as the administrator of the decedent's estate, and purportedly the decedent commenced this action against the Town and the County of Suffolk. After discovery, the Town and the County separately moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them. The Supreme Court granted both motions. On May 4, 2016, a judgment was entered in favor of the Town dismissing the complaint and all cross claims insofar as asserted against it. The plaintiffs appeal from so much of the order as granted that branch of the Town's motion which was for summary judgment dismissing the complaint insofar as asserted against it and from so much of the judgment as dismissed the complaint insofar as asserted against the Town.
Initially, the appeals purportedly taken by the decedent must be dismissed and so much of the order and judgment appealed from as pertained to him must be vacated because he died before this action was commenced (see Cutler v Thomas, 171 AD3d 860, 860-861; Gorbaty v Brodsky, 142 AD3d 584, 585; Aurora Bank FSB v Albright, 137 AD3d 1177, 1179; Krysa v Estate of Oyra, 136 AD3d 760; Rivera v Bruchim, 103 AD3d 700, 700-701; Tiralongo v City of New York, 41 AD3d 700, 700).
In order to sustain liability against a municipality engaged in a governmental function, "the duty breached must be more than that owed the public generally" (Lauer v City of New York, 95 NY2d 95, 100; see Valdez v City of New York, 18 NY3d 69, 75). "[A]lthough a municipality owes a general duty to the public at large . . . this does not create a duty of care running to a specific individual sufficient to support a negligence claim, unless the facts demonstrate that a special duty was created" (Valdez v City of New York, 18 NY3d at 75; see Coleson v City of New York, 24 NY3d 476, 481). A "special duty" is a duty that is born of a special relationship between the plaintiff and the governmental entity (see McLean v City of New York, 12 NY3d 194, 199; Cockburn v City of New York, 129 AD3d 895, 896). The special duty doctrine is a narrow one and should be narrowly construed (see Cuffy v City of New York, 69 NY2d 255, 262).
"A special relationship can be formed in three ways: (1) when the municipality violates a statutory duty enacted for the benefit of a particular class of persons; (2) when it voluntarily assumes a duty that generates justifiable reliance by the person who benefits from the duty; or (3) when the municipality assumes positive direction and control in the face of a known, blatant and dangerous safety violation" (McLean v City of New York, 12 NY3d at 199 [internal quotation marks omitted]). "To establish the existence of a special relationship based on a municipality's voluntary assumption of a duty, the party asserting the relationship has a heavy burden to prove the following elements: (1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the party; and (4) the party's justifiable reliance on the municipality's affirmative undertaking" (Stanciu v Bilello, 138 AD3d 824, 825-826; see Cuffy v City of New York, 69 NY2d at 260).
Here, the Town made a prima facie showing of entitlement to judgment as a matter of law by demonstrating that no special relationship existed between it and the decedent which would give rise to a duty of care to the decedent, individually (see Philip v Moran, 127 AD3d 717, 718). The evidence submitted by the Town demonstrated that its officers and dispatchers, in responding to an emergency call, were performing their general duty to the public at large, and in the course of their response, they made no promises to the decedent, in word or action, that gave rise to an affirmative duty running to him personally (see id. at 718). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, we agree with the Supreme Court's determination granting that branch of the Town's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
In light of our determination, we need not consider the parties' remaining contentions (see Valdez v City of New York, 18 NY3d at 84).
DILLON, J.P., LEVENTHAL, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court