■ ROBERT FALCONE, Appellant, v MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORITY, Respondent.—Judgment of Supreme Court, Bronx County (Alan Saks, J.), entered February 23, 1990, which dismissed plaintiff's complaint at the close of plaintiff's case, and directed that defendant recover $700 costs and disbursements, is unanimously affirmed, without costs.

Plaintiff, who was stabbed in the chest by another passenger while riding a Manhattan and Bronx Surface Transit Operating Authority (MABSTOA) bus, failed to demonstrate the foreseeability of the event which caused the injury. Plaintiff's allegations respecting the bus driver's failure to exercise reasonable care are not sufficient to attribute liability to defendant in light of the unexpected criminal act of a third party, which in this case constitutes a superceding and intervening cause relieving defendant from liability as a matter of law. *(Marenghi v New York City Tr. Auth.,* 151 AD2d 272, *affd* 74 NY2d 822.)* Moreover, plaintiff's claim that the bus driver

negligently failed to call police was properly rejected in the absence of a special relationship which would create a duty on the part of MABSTOA to provide police protection. *(Weiner v Metropolitan Transp. Auth.,* 55 NY2d 175.)

We have considered plaintiff's remaining arguments and find them to be without merit. Concur—Rosenberger, J. P., Kassal, Wallach, Smith and Rubin, JJ.