■ BLONDINE LEON, Respondent, v FIRST NATIONAL CITY BANK et al., Defendants, and OTIS ELEVATOR CORP., Appellant. [637 NYS2d 482] —In an action to recover damages for personal injuries, the defendant Otis Elevator Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (R. Goldberg, J.), dated January 26, 1995, as denied the branches of its motion which were to strike the plaintiff's amended bill of particulars, vacate the note of issue and certificate of readiness, and dismiss the complaint insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied the branch of the appellant's motion which was to strike the plaintiff's amended bill of particulars, and substituting therefor a provision granting

that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the appellant.

The paper dated November 2, 1994, which the plaintiff has designated a "third supplemental bill of particulars" is more properly termed an amended bill of particulars in view of its allegations of new personal injuries and its failure to set forth any claims of continuing special damages and disabilities (see, CPLR 3043 [b]; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3043:2, at 601).

Since the amended bill of particulars was not served prior to the note of issue and the plaintiffs did not seek leave of court to amend the bill of particulars, the amended bill of particulars was a nullity (see, Wittrock v Maimonides Med. Ctr.-Maimonides Hosp., 119 AD2d 748).

We have reviewed the appellant's remaining contentions and find them to be without merit. Rosenblatt, J. P., Sullivan, Copertino, Santucci and Goldstein, JJ., concur.