■ KATASHA LEE, Plaintiff, v NEW YORK CITY TRANSIT AUTHORITY et al., Defendants. HUSNIJA AHMETOVIC et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. HYUN SUNG BANG et al., Appellants, v EDWARD LEARY et al., Respondents. (And Other Actions.) [671 NYS2d 86] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered May 21, 1997, which granted defendants' motions for summary judgment dismissing plaintiffs-appellants' complaints, unanimously modified, on the law, to the extent of denying the motion with respect to plaintiff Sheila Flynn and severing her action and, except as so modified, affirmed, without costs.

Plaintiffs in the within actions, consolidated for summary judgment purposes, seek damages for personal injuries sustained in the fire bombing of a subway train by Edward Leary, who was subsequently convicted of the crime. We agree with Supreme Court that plaintiffs' various allegations of negligence against the governmental defendants do not constitute grounds for imposition of liability. *Weiner v Metropolitan Transp. Auth.* (55 NY2d 175) established a policy of broad im-

munity pursuant to which liability for the negligent performance of a governmental function may only be imposed if founded upon a special relationship between the plaintiff and the entity sought to be cast in damages (*Cuffy v City of New York,* 69 NY2d 255, 260). As the instant defendants cannot be said to have undertaken a special duty to protect plaintiffs from the unforeseeable criminal act that caused their injuries, defendants may not be held accountable.

It does not avail plaintiffs to allege failures by defendants in their proprietary capacity since plaintiffs' injuries are attributable to superseding criminal acts (*see, Falcone v Manhattan & Bronx Surface Tr. Operating Auth.*, 166 AD2d 271), not the asserted omissions and, therefore, as a matter of law, proximate causation is absent.

Finally, *Crosland v New York City Tr. Auth.* (68 NY2d 165), relied upon by plaintiffs, is factually distinguishable. The matter at bar is not a case where Transit Authority employees, adequately forewarned, might have taken steps to prevent harm but elected not to. Rather, the Transit Authority promptly contacted police and rescue agencies, which responded to the scene.

As to plaintiff Sheila Flynn, however, it cannot be said that defendants' employees could not have rendered further assistance without exposing themselves to danger. Her complaint, as supplemented by her affidavit in opposition to the motion (*see, Arrington v New York Times Co.*, 55 NY2d 433, 442, *cert denied* 459 US 1146; *Dulberg v Mock*, 1 NY2d 54, 56), alleges that a token booth clerk attempted to put out the flames on her body using a fire extinguisher, but was prevented from doing so by another Transit Authority employee. Thereupon, it is alleged that he retrieved another fire extinguisher only again to be prevented from using it to assist her. In their reply, defendants, making reference to her affidavit, admit that the employee, "contrary to the standing directives of his own employer, *did* in fact, come out of his booth, with a fire extinguisher, to try to put out the flames on at least one plaintiff" (emphasis in original). Having undertaken to assist plaintiff Flynn, the law imposes the obligation to perform the assumed duty with care. As stated in *Florence v Goldberg* (44 NY2d 189, 196), "where a municipality assumes a duty to a particular person or class of persons, it must perform that duty in a nonnegligent manner, notwithstanding that absent its voluntary assumption of that duty, none would have otherwise existed. As Chief Judge Cardozo succinctly stated: 'The hand once set to a task may not always be withdrawn with impunity

though liability would fail if it had never been applied at all.' " (Quoting *Moch Co. v Rensselaer Water Co.*, 247 NY 160, 167.) The action of a fellow Transit Authority employee in thwarting the attempt to extinguish the flames engulfing plaintiff is not only offensive to "common standards of behavior" (*Crosland v New York City Tr. Auth.*, *supra*, at 170), but also constitutes a breach of the duty assumed by the agency.

We have considered plaintiffs' other contentions and find them to be without merit. Concur—Ellerin, J. P., Nardelli, Wallach, Rubin and Tom, JJ.