■ CAROL BOLAND, Respondent, v JOSEPH KOPPELMAN, Appellant. [674 NYS2d 349] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered January 12, 1998, which, in an action by plaintiff tenant against defendant landlord for personal injuries sustained in a fall on defendant's premises, granted plaintiff's motion to strike defendant's supplemental bill of particulars, unanimously affirmed, without costs.

Defendant's so-called "supplemental" bill of particulars, actually an amended bill of particulars (compare, CPLR 3042 [b], with CPLR 3043 [b]), alleging for the first time that plaintiff was intoxicated at the time of the accident, was a nullity, since it was served without leave of the court after the filing of the note of issue (CPLR 3042 [b]; Leon v First Natl. City Bank, 224 AD2d 497). In any event, deeming defendant's opposition to the motion as a request for leave, we would deny leave because the delay in asserting this new defense until some two months before the trial was scheduled to begin was both prejudicial and inexcusable. The failure to assert this new theory in two prior bills of particulars cannot be excused where defendant admits that prior counsel had been provided with an authorization for the hospital record on which defendant relies for his allegation of intoxication almost immediately upon the commencement of the action, and does not indicate when that hospital record was obtained. And while it is true, as defendant argues, that plaintiff's own medical records and their

contents are matters peculiarly within her knowledge, the passage of four years since the hospital test had been taken, and almost two years since the authorization had been provided, severely undermines plaintiff's ability to conduct an investigation of the test's validity. Concur—Milonas, J. P., Nardelli, Wallach and Saxe, JJ.