■ HARVEST MOON, INC., Appellant, v ROBERT AROCHAS et al., Respondents, et al., Defendant. [679 NYS2d 813] —Order, Supreme Court, New York County (Charles Ramos, J.), entered February 11, 1998, which, *inter alia*, dismissed various of plaintiff's causes of action without leave to replead, unanimously modified, on the law, to grant leave to replead the fourteenth cause of action for tortious interference with contract, and otherwise affirmed, without costs.

Inasmuch as the motion court properly granted plaintiff leave to replead its cause of action for breach of contract, it should not have dismissed the cause of action for tortious interference with contract without leave to replead on the ground that plaintiff failed to allege a breach of contract. We have considered plaintiff's other arguments and find them to be unavailing. Concur—Ellerin, J. P., Williams, Mazzarelli and Saxe, JJ.

■ BRENDA DOWDELL, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent, et al., Defendants. [679 NYS2d 814] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered May 21, 1997, which, in an action for personal injuries sustained in the December 21, 1994 firebombing of a subway train, granted defendant-respondent Transit Authority's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

Plaintiff's claim that one of defendant's employees thwarted an attempt by another of its employees to come to her aid, and that defendant is therefore liable to her for having breached a special duty of care, is without merit for the reasons stated in *Lee v New York City Tr. Auth.* (249 AD2d 93). Concur—Ellerin, J. P., Williams, Mazzarelli and Saxe, JJ.