■ JOHNNIE MAYNARD, Individually and as Administrator of the Estate of CURTIS MAYNARD, Deceased, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [699 NYS2d 377] —Order, Supreme Court, Bronx County (Douglas McKeon, J.), entered August 21, 1998, which, to the extent appealed from, as limited by appellant's brief, granted the motions of defendants New York City Transit Authority and Manhattan and Bronx Surface Transit Operating Authority for summary judgment dismissing plaintiff's complaint, unanimously affirmed, without costs.

The complaint, alleging that the shooting of plaintiff's decedent by another passenger aboard one of defendants' buses was attributable to the negligence of the bus driver, was properly dismissed. Defendants assumed no special duty to assure the decedent's safety from the criminal acts of third par-

ties, and, in the absence of such a duty, plaintiff may not recover from defendants on a negligence theory for the assault upon the decedent (*Weiner v Metropolitan Transp. Auth.*, 55 NY2d 175; *Falcone v Manhattan & Bronx Surface Tr. Operating Auth.*, 166 AD2d 271). Moreover, even if defendants had had a duty to plaintiff's decedent and had been in breach of that duty, the armed assault upon the decedent constituted an intervening and superseding cause of the decedent's harm, and, as such, would cut off any liability on the part of defendants as a matter of law (*see, Falcone v Manhattan & Bronx Surface Tr. Operating Auth., supra*). Plaintiff's new claim that defendants negligently failed to obtain prompt medical care for the decedent is not properly before this Court (*see, Boland v Koppelman*, 251 AD2d 176), and is, in any event, without merit. Concur—Sullivan, J. P., Tom, Rubin, Andrias and Buckley, JJ.