■ DARRELL WATSON, Appellant, v CITY OF NEW YORK et al., Respondents. [709 NYS2d 546] —Order, Supreme Court, New York County (Karla Moskowitz, J.), entered March 19, 1999, which, in an action for medical malpractice, granted defendants' motion to dismiss the complaint for failure to timely file a notice of claim, granted defendants' motion to strike plaintiff's supplemental bill of particulars dated December 23, 1998, and granted defendants' motion to strike plaintiff's supplemental

bill of particulars dated December 15, 1998 insofar as it alleges injuries related to emotional distress, unanimously modified, on the law, to deny the motion to dismiss and reinstate the complaint, and otherwise affirmed, without costs.

Assuming the facts as claimed by defendant, plaintiff was continuously treated at defendant's hospital during the six and a half-month period between his two lengthy admissions there, despite his failure to keep several scheduled appointments at the hospital's orthopedic clinic. Instead, during that period, whenever plaintiff felt a need for treatment, he went to defendant's emergency room, where he was always treated even on occasions when his case was listed as non-emergent and then referred to the orthopedic clinic for follow-up care. Given a condition that involved an initial hospital stay of nearly three months and an obvious long-term recovery with the potential for follow-up surgery, it is clear, absent a showing of intent to the contrary, that both patient and staff intended treatment to continue (see, Richardson v Orentreich, 64 NY2d 896, 899). Plaintiff frequently returned to the hospital with injury-related problems during this six and a half-month period (compare, McDermott v Torre, 56 NY2d 399, 406, with Allende v New York City Health & Hosps. Corp., 90 NY2d 333, 339). That he did so on his own schedule and on an as-needed basis relates perhaps to comparative negligence but not to abandonment of treatment. Plaintiff's notice of claim, which was served within 90 days of his discharge following the second admission, was therefore timely, and the complaint should not have been dismissed.

Plaintiff's December 23, 1998 "supplemental" bill of particulars, which sought to extend the period of liability from the three-month period in 1987-1988 corresponding to plaintiff's first hospital admission to the five years following into 1993, and which was not served until the eve of trial more than four years after the original bill of particulars was served, was properly characterized by the motion court as an "amended" bill of particulars (see, Boland v Koppelman, 251 AD2d 176), and properly stricken as prejudicial to defendants. Also properly stricken was that part of the December 15, 1998 supplemental bill of particulars alleging injuries related to social withdrawal, depression and anxiety. Any such injuries were not sequela of the original injury, and, if alleged in the complaint as "mental anguish," were not amplified until more than 10 years after the acts of malpractice alleged therein and in the original bill of particulars, to defendants' prejudice. Concur—Rubin, J. P., Andrias, Saxe, Buckley and Friedman, JJ.