■ LESLI GOLUB, Respondent, v ALBERT SUTTON et al., Appellants, et al., Defendant. [723 NYS2d 59] —In an action to recover damages for medical malpractice, the defendants Albert Sutton, Jay G. Merker, and Long Island Medical and Gastroenterology Associates, P. C., appeal from so much of an order of the Supreme Court, Queens County (Glover, J.), dated May 1, 2000, as denied their cross motion for summary judgment dismissing the complaint insofar as asserted against them and to strike the plaintiff's amended bill of particulars in response to the demand of the defendants Jay G. Merker and Long Island Medical and Gastroenterology Associates, P. C., and the defendant Paul Katz separately appeals from so much of the same order as denied his motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the appeal by the defendant Albert Sutton from so much of the order as denied that branch of the cross motion which was to strike the amended bill of particulars is dismissed, without costs or disbursements, as the defendant Albert Sutton is not aggrieved by that portion of the order (*see,* CPLR 5511); and it is further,

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the cross motion which were for summary judgment dismissing the complaint insofar as asserted against the defendants Jay G. Merker and Long Island Medical and Gastroenterology Associates, P. C. and to strike the amended bill of particulars, and substituting therefor a provision granting those branches of the cross motion; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements.

The plaintiff suffered from diverticulitis. Her gastroenterolo-

gist, the defendant Jay Merker, recommended that she consult a surgeon, the defendant Paul Katz. On April 12, 1996, Dr. Katz performed surgery at Long Island Jewish Hillside Medical Center. During the course of this operation, the defendant Albert Sutton, a urologist, unsuccessfully attempted to insert a catheter in the plaintiff's left ureter.

Following the April 1996 surgery, the plaintiff continued to suffer from constipation and abdominal pain. On May 30, 1996, she went to the emergency room at North Shore University Hospital, where it was later noted that the plaintiff had a "rectal stricture at the site of the anastomosis."

The plaintiff's condition required a second operation, which was performed by Dr. Lester Gottesman at St. Lukes Hospital, New York, on August 27, 1996. Following this second surgery, the plaintiff began to experience her current symptoms, that is, "severe tenesmus * * * and multiple bowel movements, which are inconsistent and sporadic."

In her bill of particulars served in response to the demand of Dr. Merker and Long Island Medical and Gastroenterology Associates, P. C., the plaintiff confined herself to allegations of negligence relating to the period following the surgery which took place on April 12, 1996. Later, after a note of issue was filed, the plaintiff served an amended bill of particulars in which she sought to assert a new theory of liability, that is, that Dr. Merker was negligent in connection with his preoperative treatment.

The plaintiff's amended bill of particulars was served without leave of court, after the note of issue had been filed, and therefore was a nullity (see, CPLR 3042 [b]; Leon v First Natl. City Bank, 224 AD2d 497, 498). The branch of the subsequent cross motion which was to strike this amended bill of particulars, which was unopposed, should have been granted (see, Leon v First Natl. City Bank, supra; Wittrock v Maimonides Med. Ctr.-Maimonides Hosp., 119 AD2d 748; see also, Kassis v Teachers Ins. & Annuity Assn., 258 AD2d 271; Forester v Golub Corp., 267 AD2d 526).

All of the appellants made a prima facie showing of entitlement to judgment as a matter of law in support of their motion and cross motions for summary judgment. However, the affidavit of the plaintiff's expert submitted in opposition was sufficient to raise issues of fact as to whether the 1996 surgery was medically indicated, whether the plaintiff's bladder was perforated during the unsuccessful attempt to insert the catheter, and whether other departures from good medical practice contributed to the development of a stricture or stenosis which,

in turn, caused or contributed to the symptoms which later necessitated the second surgery. There is, therefore, an issue of fact as to the potential liability of Dr. Katz and Dr. Sutton. The affidavit of the plaintiff's expert was, however, insufficient to raise any issue of fact as to whether Dr. Merker committed any malpractice during the post-operative phase of treatment. Therefore, Dr. Merker was entitled to summary judgment dismissing the complaint insofar as asserted against him. Since the only theory of liability pleaded in the amended verified complaint against Long Island Medical and Gastroenterology Associates, P. C., is based on the alleged negligence of Dr. Merker, it was also entitled to summary judgment dismissing the complaint insofar as asserted against it. Bracken, P. J., Ritter, Goldstein and Feuerstein, JJ., concur.