■ SHEILA J. FLYNN et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [739 NYS2d 358] —Order, Supreme Court, New York County (Robert Lippman, J.), entered May 23, 2001, which, in an action for personal injuries sustained in a firebombing of a subway train, granted defendant Transit Authority's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

On a prior appeal herein (*Lee v New York City Tr. Auth.*, 249 AD2d 93, *lv dismissed in part and denied in part* 92 NY2d 944), this Court affirmed the dismissal of all of the passengers' claims, except for plaintiff's, on the ground that, unlike *Crosland v New York City Tr. Auth.* (68 NY2d 165), their allegations did not show that Transit Authority employees could have taken steps to prevent harm but elected not to do so, and indeed, on the contrary, it appeared that Transit Authority employees promptly contacted the police and rescue agencies

(*see also, Austin v City of New York*, 280 AD2d 425; *Dowdell v New York City Tr. Auth.*, 255 AD2d 195). However, plaintiff's complaint was reinstated based on allegations understood as being to the effect that attempts by a token booth clerk to put out the flames engulfing plaintiff with fire extinguishers, in apparent disobedience of Transit Authority regulations prohibiting token booth clerks from opening the door to the booth, were thwarted by the action of another Transit Authority employee in snatching the fire extinguishers from the token clerk's hands. Such allegations, we held, stated a cause of action for negligent rescue, and, moreover, showed conduct at least as "offensive to 'common standards of behavior' " (*Lee* at 95) as the failure to summon help held actionable in *Crosland* notwithstanding defendant's immunity for acts performed in its governmental capacity. However, it has since been established that plaintiff does not know the identity of the snatcher of the fire extinguishers, and thus will be unable to prove that the snatcher was a Transit Authority employee. Accordingly, the motion court properly dismissed the complaint. It was not this Court's intent to permit plaintiff to pursue a claim against the Transit Authority on a negligent rescue theory if, indeed, it was not a Transit Authority employee who thwarted the rescue efforts of the token clerk. Nor did this Court intend to permit plaintiff to pursue a *Crosland*-type claim against the Transit Authority based on another token booth clerk's refusal to open the door of the token booth and come to plaintiff's aid in response to plaintiff's cries for help. *Crosland* did not hold that Transit Authority employees observing an assault were under a duty to leave their posts and stop the assault; rather, it held only that the employees were under a duty to call for help. As already mentioned, on the prior appeal the claims of the other plaintiffs were all dismissed on the ground that the Transit Authority promptly contacted the police and rescue agencies. It was only the alleged action of what was assumed to be a Transit Authority employee, and whose identity and role is unknown entirely, in thwarting the rescue efforts of a genuine Transit Authority employee, that could have brought the claim within the ambit of *Crosland*. Upon the undisputed facts in this record, that theory of recovery is no longer viable. Concur—Andrias, J.P., Saxe, Rosenberger, Wallach and Buckley, JJ.