■ FATIMA ELKRICHI, Respondent, v FLUSHING HOSPITAL MEDICAL CENTER, INC., et al., Defendants, and ALLEN WIESENFELD et al., Appellants. [741 NYS2d 420] —In an action to recover damages for medical malpractice, the defendants Allen Wiesenfeld and Shashikant Kulkarni appeal from (1) so much of an order of the Supreme Court, Queens County (Thomas, J.), dated December 5, 2000, as, in effect, denied those branches of their motion which were to strike the plaintiff's "further supplemental bills of particulars" insofar as asserted against them and to preclude the plaintiff from offering any expert witness testimony, and (2) an order of the same court, dated May 22, 2001, which denied their motion for leave to reargue.

Ordered that the appeal from the order dated May 22, 2001,

is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated December 5, 2000, is reversed insofar as appealed from, that branch of the motion which was to strike the plaintiff's "further supplemental bills of particulars" insofar as asserted against the appellants is granted, and that branch of the motion which was to preclude the plaintiff from offering any expert witness testimony is granted only to the extent that the plaintiff is directed to serve an amended expert information in accordance with an order of the Supreme Court, Queens County (Dollard, J.), dated March 8, 2001, and is otherwise denied; and it is further,

Ordered that the appellants are awarded one bill of costs.

The plaintiff's so-called "further supplemental bills of particulars" were served without leave of court after the note of issue had been filed, and therefore were a nullity (*see* CPLR 3042 [b]; *Golub v Sutton,* 281 AD2d 589; *Leon v First Natl. City Bank,* 224 AD2d 497). Accordingly, that branch of the appellants' motion which was to strike the further supplemental bills of particulars insofar as asserted against them should have been granted.

In companion appeals, *Elkrichi v Flushing Hosp. Med. Ctr.* (293 AD2d 707 [decided herewith]), the plaintiff did not appeal from that portion of an order of the Supreme Court, Queens County (Dollard, J.), dated March 8, 2001, which directed her to serve an amended expert information. It appears that Justice Dollard properly directed the plaintiff to provide additional expert information (*see Jasopersaud v Tao Gyoun Rho,* 169 AD2d 184). Therefore, we see no reason why that branch of the appellants' motion, in these appeals, which was to preclude, should not be granted to the extent indicated. Ritter, J.P., Feuerstein, O'Brien, H. Miller and Townes, JJ., concur.