■ Joseph M. Brunette, Appellant, v Time Warner Entertainment Company, L.P., Doing Business as Time Warner Communications, and/or Time Warner Cable, Respondent. [822 NYS2d 176]—

Appeal from an order and judgment (one paper) of the Supreme Court, Monroe County (Robert J. Lunn, J.), entered July 12, 2005 in a personal injury action. The order and judgment granted defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order and judgment so appealed from be and the same hereby is unanimously modified on the law by denying the motion in part and reinstating the Labor Law § 240 (1) claim and as modified the order and judgment is affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action to recover damages for injuries he sustained when an unsecured stepladder collapsed while he was descending it. Plaintiff had placed the stepladder against an exterior wall of a house while he was installing internet service and, according to plaintiff, the soft earth caused the unsecured ladder to collapse.

We note at the outset that plaintiff does not contend in his brief on appeal that Supreme Court erred in granting that part of defendant's motion seeking summary judgment dismissing the common-law negligence cause of action and thus is deemed to have abandoned any contentions concerning the propriety of that part of the order and judgment (see Ciesinski v Town of Aurora, 202 AD2d 984 [1994]).

Contrary to plaintiff's contention, the court properly granted that part of defendant's motion for summary judgment dismissing the Labor Law § 200 claim. Defendant established that it did not supervise or control the work at issue, and plaintiff failed to raise a triable issue of fact (see Enderlin v Hebert Indus. Insulation, 224 AD2d 1020, 1020-1021 [1996]). The court also

properly granted that part of defendant's motion for summary judgment dismissing the Labor Law § 241 (6) claim. Recovery under section 241 (6) must be based upon the violation of a provision of the Industrial Code (*see generally Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 504-505 [1993]), and neither the complaint nor the bill of particulars sets forth any specific Industrial Code provisions allegedly violated by defendant (*see Joachimsen v Perini Corp.*, 253 AD2d 737 [1998]). Plaintiff's contention that the Industrial Code provisions were set forth in a supplemental bill of particulars is without merit. The supplemental bill of particulars "was a nullity [because plaintiff] served it without leave of the court after the note of issue had been filed" (*Bartkus v New York Methodist Hosp.*, 294 AD2d 455, 455 [2002]; *see Leon v First Natl. City Bank*, 224 AD2d 497, 498 [1996]).

We agree with plaintiff, however, that the court erred in granting that part of defendant's motion for summary judgment dismissing the Labor Law § 240 (1) claim, and we therefore modify the order and judgment accordingly. Defendant failed to establish that it "made available adequate safety devices and . . . instructed [plaintiff] to use them" (*Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 37 [2004]). Present—Pigott, Jr., P.J., Scudder, Kehoe, Smith and Green, JJ.