OPINION OF THE COURT
Per Curiam.
The question presented is whether a public carrier whose employees allegedly stood by and did nothing while one of its passengers was beaten to death by hoodlums should be immune from all civil liability. We hold that it should not, and thus affirm the order appealed from and answer the question certified in the affirmative.
Amplified by affidavits and exhibits in the record, the complaint alleged in pertinent part that after attending a talent show at the High School of Music and Art, at which they were students, Steven Crosland, Jr., and several friends boarded the Independent subway at 135th Street. At 125th Street, they left the local train to change to an express on which to continue their trip downtown. At approximately 11:45 p.m., a group of hoodlums, armed with baseball bats, golf clubs, wooden clubs, tire irons, and chains, jumped the turnstiles at the 125th Street station and savagely attacked the students. Steven later died from wounds he sustained while being beaten over the head as he tried to escape from the platform by climbing a flight of stairs.
There were no police in the station. Steven’s friends claimed there had almost always been officers in that station in the past. Allegedly, several track workers witnessed the incident and did nothing to summon aid. As the attack progressed, the complaint also stated, at least two trains, whose personnel were able to observe the attack, passed through the station, and these employees also did nothing.
*168 Recovery was sought against the Transit Authority[1] on three separate theories: that the defendant breached its special duty of care to the decedent because it failed to maintain "around-the-clock police presence” at the 125th Street station though it knew that station was the site of previous youth gang attacks on Music and Art students; that the defendant’s employees breached a duty to Steven by failing to "take every precaution to prevent * * * injuries to persons”, as required by the Authority’s rule 85; and that defendant failed to meet the standard of care owed by common carriers to their passengers.
Before answering the complaint, the Authority moved "for an Order pursuant to CPLR 3212 granting summary judgment dismissing this action”. The Authority took no issue with the factual allegations of the complaint,[2] which it characterized as charging "defendants for failing to take adequate steps to police the site of the attack and thus prevent the assault on decedent”. The Authority urged that this court’s decision in Weiner v Metropolitan Transp. Auth. (55 NY2d 175) therefore mandated dismissal. Special Term denied the motion. The Appellate Division affirmed and granted the Authority’s motion for leave to appeal, certifying to us the question whether its order was properly made.
The Appellate Division correctly concluded that the defendant owed Steven no special duty, for lack of the element of "some direct contact between agents of the [defendant] and the injured party” (Sorichetti v City of New York, 65 NY2d 461, 469), and that liability cannot be based upon the alleged breach of Transit Authority rule 85, which, as in the portion quoted above, imposed a duty higher than the Authority actually owes, i.e., to exercise "ordinary care commensurate with the existing circumstances” (Thomas v Central Grey *169 hound Lines, 6 AD2d 649, 652). Indeed, as the Appellate Division noted (110 AD2d, at p 156), the rule would be inadmissible at trial for the same reason (see, Abady v Pennsylvania R. R. Co., 6 AD2d 803, affd 6 NY2d 757, rearg denied 6 NY2d 882).
This court has held that the allocation of police resources implicates a governmental function for which a publicly owned carrier cannot be held liable, even though a private carrier could be held liable for a similar failure to allocate security personnel if that failure proximately resulted in a patron’s sustaining injury at the hand of a third party (Weiner v Metropolitan Transp. Auth., 55 NY2d 175, supra). In the two cases decided under the Weiner caption, it must be stressed, the plaintiffs were attacked at stations where no police were present, and they argued, without success, that police should have been put there because of prior incidents at the stations. To the extent the complaint in the present action alleges a failure to properly allocate police resources, therefore, it too must fail.
Weiner did not, however, absolve publicly owned common carriers from liability for assaults on their passengers by third parties in all cases. Rather, the court noted, "[i]t is the specific act or omission out of which the injury is claimed to have arisen and the capacity in which that act or failure to act occurred which governs liability, not whether the agency involved is engaged generally in proprietary activity” (Weiner v Metropolitan Transp. Auth., 55 NY2d 175, 182, supra).[3] Indeed, we have recognized categories of activity rendering a municipality liable (Miller v State of New York, 62 NY2d 506; Riss v City of New York, 22 NY2d 579).
The Authority, though conceding that it can be held liable for "ordinary” negligence, such as the failure to maintain its premises, argues that all acts of its employees are governmental and therefore will not result in liability, relying on Public Authorities Law § 1202 (2), which provides in part that the Authority, in carrying out its corporate purpose, "shall be regarded as performing a governmental function”. However, as we made clear in Weiner v Metropolitan Transp. Auth. (55 NY2d 175, 189, supra), that legislative declaration was not meant to abrogate the separate statutory provision that the Authority is responsible for the negligence of its employees in *170 the operation of the subway system (Public Authorities Law § 1212 [3]). Indeed, the cases invoking section 1202 suggest its purpose was to insure that the Authority’s workers are covered by the Taylor Law, not that it should escape liability for their negligence (see, e.g., New York City Tr. Auth. v Loos, 2 Misc 2d 733, affd 3 AD2d 740; cf. Matter of Subway-Surface Supervisors Assn. v New York City Tr. Auth., 44 NY2d 101, 111).
Whether any act or failure to act of a Transit Authority employee alleged in the complaint can be the basis for an actionable claim against the Authority depends upon whether it is within or without the boundaries of the policy-based governmental immunity established in Weiner v Metropolitan Transp. Auth. (55 NY2d 175, supra). Because the complaint alleges that an employee seeing the injury being inflicted unreasonably failed to summon aid although he could have done so without risk to himself, we hold such failure to act beyond the boundary of the Weiner immunity. Watching someone being beaten from a vantage point offering both safety and the means to summon help without danger is within the narrow range of circumstances which could be found to be actionable (cf. Putnam v Broadway & Seventh Ave. R. R. Co., 55 NY 108, 116; Scalise v City of New York, 3 NY2d 951).
That affirmance in this case might expose the Authority to liability in an amount it would find burdensome, a consideration we expressly rejected in Schuster v City of New York (5 NY2d 75, 80) and implicitly rejected in Sorichetti v City of New York (65 NY2d 461, supra), is not dispositive in any event. Against it must be balanced other policies. Two of those, compensation for the victim and general deterrence (1 Street, Foundations of Legal Liability, at 477-478; Prosser and Keeton, Torts § 4 [5th ed]) are directly implicated in the complaint’s allegations: the undisputed loss of plaintiff’s son, and a public authority the management of which has failed to insure that its employees observe not only its own regulations, but also common standards of behavior.
Accordingly, the order of the Appellate Division should be affirmed, with costs, and the certified question answered in the affirmative.
*171 Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur in Per Curiam opinion.
Order affirmed, etc.

. Causes of action were also asserted against the City of New York, Board of Education of the City of New York, and the Police Department of the City of New York. Special Term dismissed as to those parties and plaintiff did not cross-appeal to the Appellate Division from that part of its order. Thus, all references to "defendant” will apply only to the New York City Transit Authority.

. In essence, the Authority’s motion was one to dismiss for failure to state a claim, because issue had not been joined when it was made (CPLR 3212 [a]). In any event, this court must view the facts in a light most favorable to the plaintiff on appeal from an order affirming the denial of a motion by the defendant for summary judgment dismissing the complaint (Patrolmen’s Benevolent Assn. v City of New York, 27 NY2d 410, 415), as it must on appeal from an order affirming the denial of preanswer motion.

. Ammirati v New York City Tr. Auth. (117 Misc 2d 212, 217), to the extent it misapplies the Weiner test, is disapproved.