Hancock, Jr., J.
(dissenting). I would reverse and deny summary judgment.
In De Long v County of Erie (60 NY2d 296), the police negligently failed to respond to a 911 call after stating that the call would be answered; as a result, plaintiffs decedent was stabbed to death by an intruder. This court affirmed a judgment in favor of plaintiff. In this case, the police officer stated that he would call in the report of an ongoing crime. He negligently failed to do so; as a result, plaintiffs abductor made his escape and repeatedly raped and beat her. The difference between the two cases, the majority says, is that here there was no direct contact between plaintiff and the police as there was in De Long, and that there was no reliance by plaintiff on the assurances of aid. The majority finds the distinction critical although, concededly, "[pjlaintiff, by virtue of her unfortunate circumstances, could not communicate with the police and thus obviously could not rely on their assurances of assistance.” (Majority opn, at 257.) There is no question that plaintiffs would-be rescuers did contact police and, in reliance on the police officer’s actions, stopped their attempts to help plaintiff. In my opinion, there is no reasoned basis for distinguishing De Long and denying recovery solely because plaintiff did not herself contact police or rely on their assurances; nor do the policy reasons underlying our decisions command this result.
*261 In De Long, as here, the police undertook the duty to act on the report and gave assurances of aid; there was reliance on those assurances; and the reliance on the assurances provided the causal link between the police negligence and the harm to the victim.[1] How can it matter that in De Long it was the injured party, herself, who relied on the police assurances, while here it was those who could have helped and did not? There is no logical reason for the distinction and the majority offers none.[2]
Nor, in my view, can there be a rational policy reason for differentiating this case from De Long. In both cases the police themselves had undertaken the duty to act. Here, as in De Long, the police stated that they would respond to a call. The decision to act was made. Thus, neither required a governmental determination of how police resources should be allocated (see, majority opn, at 256). The sole policy basis for the distinction offered by the majority is that the "requirement of direct contact, which is closely related to the element of reliance, serves to rationally limit the class of persons to whom the municipality’s duty of protection runs” (majority opn, at 257). In short, the reason for the limitation is the limitation itself.
We have, as the majority notes, applied the requirement of direct contact with flexibility (majority opn, at 257). Thus, in Sorichetti v City of New York (65 NY2d 461) we allowed an infant plaintiff to recover for injuries, even though the assurances of police aid were given to her mother and there could have been no reliance by the infant plaintiff as she was in the control of her assailant. Why the majority does not follow Sorichetti here, where the victim was in the hands of her abductor and, "by virtue of her unfortunate circumstances, could not communicate with the police” (majority opn, at 257), is not made clear. Surely, the reason offered — limiting "the *262 class of persons to whom the municipality’s duty of protection runs” (majority opn, at 257) — is not enough. We have repeatedly rejected "[predictions of dire financial consequences to municipalities” (Schuster v City of New York, 5 NY2d 75, 80) as a reason for denying liability (see, Crosland v New York City Tr. Auth., 68 NY2d 165, 170).

. The majority asserts that there is insufficient evidence of a causal link because it can never be known whether absent the negligence plaintiff would not have been injured (see, majority opn, at 259). Obviously, in a case of failure to act we can never definitively answer this causation question (see, e.g., De Long v County of Erie, 60 NY2d 296). There is, I believe, sufficient evidence to raise a factual question of causation.

. The majority states there is a "general rule of governmental immunity” (majority opn, at 259) and that it is up to the Legislature to act if there is to be liability (see, id., at 259). The "special duty” rule is, however, a court-made rule limiting the legislative determination that there generally should be governmental liability (see, Court of Claims Act § 8). It is up to the court to alter its own rules if the policy justifications underlying them are not furthered.