■ FREDDIE KEITT, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant.—In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Santucci, J.), dated February 14, 1990, which denied its motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff brought the instant action to recover damages for personal injuries suffered during an assault by two individuals which occurred while the plaintiff was waiting for a Q2 bus in Queens at about 2:50 A.M. on the morning of May 17, 1988. The theory of the plaintiff's case is that the defendant's regulations and the past practice of its bus drivers had created a "special relationship" between him and the defendant which falls within the narrow exception to the general rule that the defendant is not liable for the failure to provide passengers with protection from the violent acts of third parties *(see, Cuffy v City of New York,* 69 NY2d 255, 260; *Weiner v Metropolitan Transp. Auth.,* 55 NY2d 175). The Supreme Court denied the defendant's motion for summary judgment, finding that an issue of fact existed as to the existence of a "special duty".

It is clear from the existing record that the plaintiff's case is legally deficient. The plaintiff's commute to an early morning job began with the Q2 bus, which the plaintiff regularly boarded at the intersection of Hempstead Turnpike and the Cross Island Parkway, the first stop of the Q2 bus on its westbound route. The plaintiff alleged that because this stop was in a "dangerous section", the drivers made a habit of

turning around and waiting at the westbound stop for some five minutes after finishing the eastbound run before starting their return trip. During this five-minute period, westbound passengers were permitted to board. The plaintiff claimed that he relied on this procedure for personal safety. He procured the affidavit of a retired bus driver formerly employed by the defendant, Cornelius Cherry, who had worked the early morning Q2 route for eight years. Cherry verified the practice of waiting five minutes at the initial stop, and also stated that there were internal rules and regulations to the same effect, although it should be noted that he did not specifically claim that the defendant's purpose in promulgating those rules was to enhance passenger safety.

The plaintiff alleged that on the night of the assault he saw the Q2 go past him eastbound, but that the driver did not then turn around, as the plaintiff expected him to do. The attack took place at the time the plaintiff stated he normally would have been on the bus, and he claimed that he would have proceeded to another stop farther westbound where the lighting and traffic provided better security had he known that the procedure outlined above was not to be followed that night. There was no allegation that the driver or any other employee of the defendant was aware of the assault when it occurred.

The plaintiff's case falters because he nowhere claims that he had reason to believe that the defendant was going to provide him with police protection: the drivers he may have come to know and depend on had no regular role to play beyond transporting him to his destination. The existence of security measures, if the rules and regulations described by Cherry were in fact security measures, does not create a duty to the plaintiff greater than the one owed to the riding public at large (see, Bardavid v New York City Tr. Auth., 61 NY2d 986). The acts and omissions complained of therefore are insufficient, as a matter of law, to bring the plaintiff within the narrow "special relationship" or "special duty" exception to the defendant's immunity from suit (see, Bardavid v New York City Tr. Auth., supra; Weiner v Metropolitan Transp. Auth., 55 NY2d 175, supra). We also conclude that because none of the defendant's employees was aware of the assault, there can be no claim made founded on a negligent failure to summon the police (see, Crosland v New York City Tr. Auth., 68 NY2d 165). Accordingly, the motion should have been granted. Thompson, J. P., Kunzeman, Miller and Copertino, JJ., concur.