■ JOSEPH R. PERRY, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [618 NYS2d 111] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), dated May 6, 1993, as granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiff's contention that the defendant

owed him a special duty of care because of his alleged intoxication, the defendant owed no duty to the plaintiff other than the duty of ordinary care under the circumstances *(see, Crosland v New York City Tr. Auth.,* 68 NY2d 165). The defendant owed no special duty to the plaintiff absent a showing of a special relationship *(see, Weiner v Metropolitan Transp. Auth.,* 55 NY2d 175), and no special relationship was established in this case. Furthermore, the plaintiff failed to show a lack of reasonable care on the part of the defendant or a causal connection between the defendant's inaction and the plaintiff's injury *(see, Weiner v Metropolitan Transp. Auth., supra).*

Finally, there is no liability based upon the alleged breach of the defendant's internal rules, which impose upon the defendant a higher duty to the plaintiff than the defendant actually owes, *i.e.,* to exercise ordinary care under the circumstances *(see, Crosland v New York City Tr. Auth.,* 68 NY2d 165, *supra).* Bracken, J. P., Santucci, Krausman and Goldstein, JJ., concur.