■ GEORGE RIOS et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [673 NYS2d 1020] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Hutcherson, J.), dated May 5, 1997, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendant, New York City Transit Authority, "owes no duty to protect a person on its premises from assault by a third person, absent facts establishing a special relationship between the authority and the person assaulted" (*Weiner v Metropolitan Transp. Auth.,* 55 NY2d 175, 178; *see, Harrell v New York City Tr. Auth.,* 221 AD2d 591; *Tidd v New York City Tr. Auth.,* 218 AD2d 694; *Alleyne v New York City Tr. Auth.,* 208 AD2d 666).

The plaintiffs failed to establish that a special relationship existed between the injured plaintiff and the defendant's employees. Contrary to the plaintiffs' contention, the subway motorman, upon learning that the injured plaintiff was being assaulted, acted within the boundaries of the policy-based governmental immunity established in *Weiner v Metropolitan Transp. Auth. (supra),* and observed common standards of

behavior (*see, Crosland v New York City Tr. Auth.,* 68 NY2d 165). Bracken, J. P., Santucci, Altman and McGinity, JJ., concur.