■ Christopher Bertrand, Appellant, v Board of Education of City of New York, Respondent. [707 NYS2d 218] —In an action to recover damages for negligent supervision, etc., the plaintiff appeals from an order of the Supreme Court, Kings County (Hutcherson, J.), dated June 17, 1999, which granted the defendant's motion pursuant to CPLR 3212 for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On the afternoon of December 13, 1996, shortly after he was dismissed from school for the day, the plaintiff, a senior at Automotive High School in Brooklyn was assaulted at a nearby subway station by the cousin of another student at the school with whom the plaintiff had been embroiled in a protracted dispute. The plaintiff maintains that the defendant was negligent, *inter alia*, in that a teacher at the school knew of the planned attack and failed to take appropriate action to prevent the assault.

The record is devoid of any admissible evidence which supports the plaintiff's contention that a teacher at the school knew of the plan to attack the plaintiff. In any event, it is well settled that a school's duty to protect a child from the negligence of a third party is coextensive with, and concomitant to, its physical custody and control over the child. When that custody ceases because the child has passed out of the orbit of its authority in such a way that the parent is free to reassume control over the child's protection, the school's custodial duty also ceases (*see, Pratt v Robinson,* 39 NY2d 554). As a result, where a student is injured off school premises generally the school cannot be held liable for the breach of a duty that extends only to the boundaries of school property (*see, Tarnaras v Farmingdale School Dist.,* 264 AD2d 391). Under the circumstances of this case, the defendant may not be held liable for the plaintiff's injuries. Ritter, J. P., Sullivan, S. Miller, Luciano and H. Miller, JJ., concur.