■ MELANIE MILLER et al., Respondents, v CITY OF NEW YORK, Defendant, and NEW YORK CITY TRANSIT AUTHORITY, Appellant. [717 NYS2d 198] —In an action to recover damages for personal injuries, etc., the defendant New York City Transit Authority appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Bruno, J.), dated November 12, 1999, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the defendant New York City Transit Authority, and the action against the remaining defendant is severed.

The injured plaintiff, Melanie Miller, alleged that she was stabbed in the right hand by a rival high school student while riding a subway train in Brooklyn. As a result of this incident, she and her mother commenced an action against, among others, the New York City Transit Authority (hereinafter the TA).

Generally, municipalities and their agencies are not subject to tort liability for their failure to furnish police protection to individual citizens (*see, Cuffy v City of New York,* 69 NY2d 255, 260). Indeed, it is well settled that the TA "owes no duty to protect a person on its premises from assault by a third person, absent facts establishing a special relationship between the

authority and the person assaulted" (*Weiner v Metropolitan Transp. Auth.*, 55 NY2d 175, 178; *accord, Rios v New York City Tr. Auth.*, 251 AD2d 484).

In support of its motion for summary judgment dismissing the complaint insofar as asserted against it, the TA submitted evidence that the motorman, upon learning of the altercation, promptly notified the police, who responded to the scene. Thus, the TA made a prima facie showing that it was not negligent in the happening of the incident, and it was incumbent upon the plaintiffs to raise a triable issue of fact (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320). While a municipality may be held liable where its employees have failed to observe the municipality's own regulations or common standards of behavior (*see, Crosland v New York City Tr. Auth.*, 68 NY2d 165), the plaintiffs failed to submit any proof in evidentiary form that the TA violated its own regulations or common standards of behavior. The affirmation of the plaintiffs' attorney submitted in opposition to the motion was devoid of any evidentiary value (*see, Zuckerman v City of New York,* 49 NY2d 557). Moreover, the hearing testimony of the injured plaintiff failed to raise a triable issue of fact regarding the standards of behavior of the TA.

Finally, we reject the plaintiffs' contention that the TA was not entitled to summary judgment until after the plaintiffs have had an opportunity to conduct discovery. Indeed, "[t]he mere hope that evidence to support their claim would be uncovered is insufficient to deny the [defendant's motion] for summary judgment" (*Flanagan v City of New York,* 243 AD2d 677, 678). Ritter, J. P., Thompson, Friedmann, H. Miller and Feuerstein, JJ., concur.