■ BRIAN PAIGE, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [772 NYS2d 846]—In an action to recover damages for personal injuries, the defendant appeals (1) from an order of the Supreme Court, Queens County (Durante, J.), dated October 30, 2002, which, inter alia, granted the plaintiff's motion for leave to enter a judgment against it upon its failure to appear or answer, and (2), as limited by its brief, from so much of an order of the same court dated April 28, 2003, as, in effect, upon reargument and renewal, adhered to the original determination and denied those branches of its motion which were to vacate its default and to compel the plaintiff to accept its answer.

Ordered that the appeal from the order dated October 30, 2002, is dismissed, as that order was superseded by those portions of the order dated April 28, 2003, made, in effect, upon reargument and renewal; and it is further,

Ordered that the order dated April 28, 2003, is reversed insofar as appealed from, on the law and as a matter of discretion, without costs or disbursements, upon reargument and renewal, the order dated October 30, 2002, is vacated, the plaintiff's motion for leave to enter judgment upon the defendants' default is denied, the branches of the defendant's motion which were to vacate the default and to compel the plaintiff to accept its answer are granted, and the defendant's answer is deemed served.

The defendant established the existence of meritorious defen-

ses to the plaintiff's claims (*see Rivera v New York City Tr. Auth.*, 77 NY2d 322, 327-328 [1991]; *Weiner v Metropolitan Transp. Auth.*, 55 NY2d 175, 178 [1982]; *Miller v City of New York*, 277 AD2d 363 [2000]; *Rios v New York City Tr. Auth.*, 251 AD2d 484 [1998]). The defendant acted promptly to cure its default in answering the complaint and proffered a reasonable excuse. In these circumstances, we exercise our discretion to excuse the defendant's default and permit the case to be decided on its merits or lack thereof (*see Quis v Bolden*, 298 AD2d 375 [2002]). Ritter, J.P., Santucci, Adams and Crane, JJ., concur.