■ CLAUDIA BETANCUR et al., Respondents-Appellants, et al., Plaintiffs, v CITY OF NEW YORK et al., Appellants-Respondents. [782 NYS2d 446]—

Order, Supreme Court, New York County (Martin Shulman, J.), entered June 11, 2003, which, in an action by plaintiff Emergency Medical Service (EMS) employees against defendants City of New York and Correction Commissioner for personal injuries sustained in an attack by correction officers at an illegal demonstration of correction officers near Rikers Island, insofar as appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing the complaint insofar as addressed to plaintiffs' causes of action based on a special duty of protection owed to them by the police, and granted such motion insofar as addressed to plaintiffs' causes of action based on the failure of police officers to respond to crimes being committed in their presence and the failure of city officials to follow the City's own emergency procedures for dealing with a strike by correction officers, unanimously modified, on the law, to dismiss the complaint in its entirety, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

Accepting plaintiffs' claim that the police steered them into the "staging area" of the demonstration, it was only when plaintiffs left the staging area and waded into the mob to rescue a beleaguered coworker or each other, either at the direction of their EMS superiors or on their own initiative, that they were attacked. No plaintiff claims to have received any instructions from any police officer to head into the heart of the demonstration, or any assurance of protection if he did. Furthermore, under the particular circumstances herein, any reliance on any assurances of protection would have been unreasonable. Although this is a most unfortunate situation, under prevailing law, we must modify to dismiss so much of the complaint as is based on the assumption of a special duty by the police on the scene to protect plaintiffs from the demonstrators (*see Cuffy v City of New York*, 69 NY2d 255, 260, 261-262, 263-264 [1987]).

Plaintiffs' other theories of liability were properly rejected. New York City Charter § 435 (a), which imposes a duty on the Police Department to arrest criminals, suppress riots and mobs, disperse unlawful assemblages that obstruct public places and protect victims of crimes, does not avail plaintiffs since it was not enacted for the "especial benefit" of either plaintiffs or members of the general public who become victims of crimes (*see Lauer v City of New York*, 95 NY2d 95, 102 [2000]). In any given crime situation, individual officers and their commanders must necessarily exercise discretion in deciding whether and how to act. It is not for the courts to say how best to handle an angry, drunk, armed and geographically contained mob of thousands (*cf. Crosland v New York City Tr. Auth.*, 68 NY2d 165, 169 [1986]). Nor do plaintiffs have a claim based on defendants' alleged "ministerial" failures to follow their own emergency procedures for dealing with a strike of correction officers at Rikers Island. A review of these procedures shows that they were promulgated not for the purpose of protecting plaintiffs or members of the general public from attack by striking correction officers, but to ensure that Rikers Island would continue to function, and food and other necessary material would continue to be delivered, in the event of a strike. Concur—Nardelli, J.P., Andrias, Ellerin and Friedman, JJ.