■ ESTEFANY MOLINA et al., Respondents, v GERALDINE CONKLIN, Respondent, et al., Defendant, and TOWN OF SOUTHOLD et al., Appellants. [871 NYS2d 230]—

On September 24, 2003 the plaintiff Estefany Molina (hereinafter the injured plaintiff) was a seventh-grade student at the Greenport Public School. On that day, she stayed after school to participate in soccer practice, after which she walked home. Upon arriving home and realizing that she had forgotten her soccer uniform at school, she rode her bicycle back to school to get it. Outside the school, the injured plaintiff was struck by a car driven by the defendant Geraldine Conklin.

The injured plaintiff and her mother Beatrice Puerta, suing derivatively (hereinafter together the plaintiffs), commenced this action against Conklin, the Greenport Union Free School District (hereinafter the District), and the Town of Southold. They alleged that the District released her into a potentially hazardous situation that posed a foreseeable harm, that the Town failed, inter alia, to provide crossing guards necessary because of heavy traffic conditions and to safely maintain the road at the accident site, and that Conklin was negligent in operating her car.

The District cross-moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it on the ground that the injured plaintiff was not in its custody and control when she was injured. "[A] school is not an insurer of the safety of its students" (*Tarnaras v Farmingdale School Dist.*, 264 AD2d 391, 392 [1999]). Its duty of care stems from effectively taking the place of parents and guardians and is "coextensive with and concomitant to its physical custody of and control over the child" (*Pratt v Robinson*, 39 NY2d 554, 560 [1976]; *see Chainani v Board of Educ. of City of N.Y.*, 201 AD2d

693 [1994], *affd* 87 NY2d 370 [1995]). A school's custodial duty ceases once the student has passed out of its orbit of authority and the parent is perfectly free to reassume control over the child's protection (*see Pratt v Robinson*, 39 NY2d at 560). Generally, a school cannot be held liable for injuries that occur off school property and beyond the orbit of its authority (*see Bertrand v Board of Educ. of City of N.Y.*, 272 AD2d 355 [2000]).

The District established, prima facie, its entitlement to judgment as a matter of law dismissing the complaint and all cross claims insofar as asserted against it, upon the ground that it did not owe a duty to the plaintiff because she was not on school property or under its physical control at the time of the accident. As the papers submitted in opposition to the cross motion failed to demonstrate the existence of a triable issue of fact, the District's cross motion should have been granted.

The plaintiffs' claims against the Town were based on its failure to provide crossing guards and to maintain the road in a safe condition. Providing crossing guards is one of the governmental functions which is within the discretion of a municipality (*see Vandewinckel v Northport/East Northport Union Free School Dist.*, 24 AD3d 432 [2005]). In order to hold a municipality liable for the negligent performance of a governmental function, a plaintiff must establish that a special relationship with the municipality exists (*see Kovit v Estate of Hallums*, 4 NY3d 499 [2005]).

Here, the Town, in connection with its failure to provide crossing guards, met its prima facie burden on the motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it by establishing the absence of any special relationship between it and the plaintiffs. The papers submitted in opposition to the motion failed to raise a triable issue of fact.

Furthermore, "[a] municipality has no duty to maintain in a reasonably safe condition a road it does not own or control unless it affirmatively undertakes such a duty" (*Ernest v Red Cr. Cent. School Dist.*, 93 NY2d 664, 675 [1999]). The Town submitted evidence establishing that it did not own or control the road in front of the school, nor did it undertake such a duty. In response, neither the plaintiffs nor Conklin submitted evidence sufficient to raise a triable issue of fact. Accordingly, the Town's motion should have been granted. Mastro, J.P., Florio, Eng and Chambers, JJ., concur. [*See* 2008 NY Slip Op 30528(U).]