■ Raymond Bastien, Respondent, v New York City Transit Authority et al., Appellants. [888 NYS2d 210]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Rothenberg, J.), dated September 26, 2008, as denied that branch of their motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

On October 6, 2006, at approximately 11:30 P.M., the plaintiff was riding on a bus owned by the defendant New York City Transit Authority (hereinafter NYCTA), and being driven by its employee (hereinafter the bus driver), when he was assaulted

and stabbed by three or four unidentified fellow passengers. Subsequently, he commenced this action to recover damages for personal injuries against the NYCTA and its bus driver (hereinafter together the defendants). The Supreme Court, inter alia, denied that branch of the defendants' motion which was for summary judgment dismissing the complaint. We affirm.

In support of their motion, the defendants demonstrated that there was no special relationship between the plaintiff and them, thereby establishing their prima facie entitlement to judgment as a matter of law (*see Weiner v Metropolitan Transp. Auth.*, 55 NY2d 175, 178 [1982]; *Rios v New York City Tr. Auth.*, 251 AD2d 484 [1998]; *see also Cuffy v City of New York*, 69 NY2d 255, 260 [1987]). In response, the plaintiff raised a triable issue of fact as to whether the bus driver failed to summon emergency assistance in a timely manner from a position of safety and whether that failure was a proximate cause of his injuries which, if proven, might allow him to recover for his injuries from the defendants under an exception to the special relationship requirement (*see Crosland v New York City Tr. Auth.*, 68 NY2d 165, 170 [1986]). Accordingly, that branch of the defendants' motion which was for summary judgment dismissing the complaint was properly denied (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Rivera, J.P., Fisher, Belen and Austin, JJ., concur.