■ CELINA BANKS, Individually and as Parent and Natural Guardian of TYRONE BANKS, Appellant, v NEW YORK CITY DEPARTMENT OF EDUCATION et al., Respondents, et al., Defendants. [895 NYS2d 512]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Aliotta, J.), dated February 11, 2009, as granted those branches of the motion of the defendant New York City Department of Education and the separate motion of the defendants MTA New York City Transit Authority and Cono Turchio which were for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The infant plaintiff, Tyrone Banks (hereinafter Tyrone), at the time an eighth grader at I.S. 61 on Staten Island, was a passenger on an MTA New York City Transit Authority (hereinafter the TA) bus, which allegedly was provided for the exclusive transport of I.S. 61 students. Tyrone suffered second and third degree burns on his neck and back when fellow students on the bus threw a lit firecracker, which landed inside his clothing and caused his shirt and jacket to catch on fire. Tyrone's mother, on his behalf and individually, thereafter commenced this action against the New York City Department of Education (hereinafter the DOE), the TA, the bus operator Cono Turchio, and the parents of the three infant students involved in the subject incident. After discovery, the DOE moved and the TA and Turchio separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them. In the order appealed from, the Supreme Court, inter alia, granted the motions. We affirm the order insofar as appealed from.

"Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (*Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *see Chalen v Glen Cove School Dist.*, 29 AD3d 508, 509 [2006]).

However, a school's duty to protect its students from negligence is coextensive with and concomitant to its physical custody and control over its students (*see Pratt v Robinson*, 39 NY2d 554, 560 [1976]; *Molina v Conklin*, 57 AD3d 860, 861 [2008]). Therefore, once students leave their school's orbit of authority, parents are free to resume custodial control and the school's custodial duty ceases (*see Pratt v Robinson*, 39 NY2d at 560; *Molina v Conklin*, 57 AD3d at 862; *Bertrand v Board of Educ. of City of N.Y.*, 272 AD2d 355 [2000]). Here, the DOE demonstrated, prima facie, that its duty to adequately supervise the students ended once the students were safely aboard the TA bus (*see Pratt v Robinson*, 39 NY2d at 560; *Molina v Conklin*, 57 AD3d at 862). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Bertrand v Board of Educ. of City of N.Y.*, 272 AD2d 355 [2000]).

Moreover, the TA established its prima facie entitlement to judgment as a matter of law by demonstrating that no special relationship existed between it and Tyrone (*see Weiner v Metropolitan Transp. Auth.*, 55 NY2d 175 [1982]; *Bastien v New York City Tr. Auth.*, 67 AD3d 716 [2009]; *Rios v New York City Tr. Auth.*, 251 AD2d 484 [1998]). In any event, even if such a special relationship existed, the TA established, prima facie, that it acted reasonably under the circumstances (*see Crosland v New York City Tr. Auth.*, 68 NY2d 165, 170 [1986]; *Miller v City of New York*, 277 AD2d 363 [2000]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Harrell v New York City Tr. Auth.*, 221 AD2d 591 [1995]; *Katzman v New York City Tr. Auth.*, 174 AD2d 607 [1991]; *Rabadi v County of Westchester*, 160 AD2d 858, 859 [1990]; *Axon v New York City Tr. Auth.*, 120 AD2d 475 [1986]). Fisher, J.P., Florio, Belen and Hall, JJ., concur. **[Prior Case History: 22 Misc 3d 1134(A), 2009 NY Slip Op 50425(U).]**