■ Paul Murphy, Appellant, v New York City Transit Authority, Respondent. [904 NYS2d 169]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Lane, J.), entered June 22, 2009, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

At approximately 7:00 A.M. on Sunday, June 11, 2006, the plaintiff was attacked by an unidentified man at the 36th Avenue subway station in Queens. According to the plaintiff, the attack began as he was exiting the turnstile, approximately 10 feet away from the attendant's booth. The plaintiff claims that the perpetrator repeatedly punched and kicked him for a period of one to three minutes in the area directly in front of that booth. The perpetrator then pushed the plaintiff down to the bottom of a nearby stairway, where the assault continued for another four to five minutes. The plaintiff further alleges that he made eye contact with an employee of the New York City Transit Authority (hereinafter NYCTA), who was inside the at-

tendant's booth immediately before the attack began, and that he repeatedly shouted for help after the first blow was struck.

The plaintiff thereafter commenced this action to recover damages for personal injuries against NYCTA. After some discovery and depositions had been conducted, NYCTA moved for summary judgment dismissing the complaint, and the Supreme Court granted the motion. We reverse.

As a general rule, NYCTA "owes no duty to protect a person on its premises from assault by a third person, absent facts establishing a special relationship between the authority and the person assaulted" (*Weiner v Metropolitan Transp. Auth.*, 55 NY2d 175, 178 [1982]; *see Louis v Knowles*, 50 AD3d 646, 647 [2008]). In support of its motion for summary judgment, NYCTA demonstrated that it did not have a special relationship with the plaintiff, thus establishing its prima facie entitlement to judgment as a matter of law (*see Weiner v Metropolitan Transp. Auth.*, 55 NY2d at 178; *Banks v New York City Dept. of Educ.*, 70 AD3d 988, 990 [2010]; *Bastien v New York City Tr. Auth.*, 67 AD3d 716, 717 [2009]). However, in opposition to the motion, the plaintiff raised a triable issue of fact as to whether an exception to the special relationship rule exists because his initial encounter with the assailant allegedly was witnessed by one of NYCTA's employees, who failed to summon emergency assistance in a timely manner from a position of safety (*see Crosland v New York City Tr. Auth.*, 68 NY2d 165, 170 [1986]; *Bastien v New York City Tr. Auth.*, 67 AD3d at 717). Accordingly, NYCTA's motion for summary judgment dismissing the complaint should have been denied. Dillon, J.P., Balkin, Eng and Chambers, JJ., concur.