■ CRAIG FRAZIER et al., Respondents, v MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORITY, Defendant, and NEW YORK CITY TRANSIT AUTHORITY, Appellant. [905 NYS2d 657]—

In an action to recover damages for personal injuries, etc., the defendant New York City Transit Authority appeals from an order of the Supreme Court, Kings County (Velasquez, J.), dated May 27, 2009, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant New York City Transit Authority for summary judgment dismissing the complaint insofar as asserted against it is granted.

On April 26, 1999, the infant plaintiff (hereinafter the plaintiff), who was 17 years old, boarded a bus operated by the defendant New York City Transit Authority (hereinafter NYCTA) in Brooklyn and was involved in a fight with another passenger who shot him after they got off the bus. At his deposition, the plaintiff testified that the fight started when he was seated in the rear of the bus and the other passenger was seated across from the back exit. They engaged in a "stare down," followed by the other passenger uttering profanities and making a

single threat to "pop" the plaintiff. When the bus was approaching the plaintiff's stop, he walked toward the front of the bus, passing the individual, who punched him two or three times in the left arm. The plaintiff, who was taller and heavier, grabbed the individual's shoulders, struggled with him, and pushed him down into a seat near the front of the bus just before getting off. The individual followed the plaintiff as he disembarked, and when the plaintiff had walked along the side of the bus toward the rear, the individual pulled a gun out of a bag and shot the plaintiff in the arm.

Depositions were taken of two bus operators who were driving buses on the subject route within several minutes of each other during the relevant time frame. Neither operator was identified as the driver of the bus in question, and neither recalled any incident along the route that day as described by the plaintiff.

The plaintiff conceded at his deposition that he was not injured during the struggle on the bus. He commenced this action against, among others, the NYCTA to recover damages for his injuries from the gunshot wound; the plaintiff's mother asserted a derivative claim. After discovery, the NYCTA moved for summary judgment dismissing the complaint insofar as asserted against it, and the Supreme Court denied the motion. We reverse.

Generally, "[t]he New York City Transit Authority owes no duty to protect a person on its premises from assault by a third person, absent facts establishing a special relationship between [the NYCTA] and the person assaulted" (*Weiner v Metropolitan Transp. Auth.*, 55 NY2d 175, 178 [1982]; *see Banks v New York City Dept. of Educ.*, 70 AD3d 988, 990 [2010]; *Rios v New York City Tr. Auth.*, 251 AD2d 484 [1998]). To establish a "special relationship," the plaintiff must demonstrate, inter alia, that he justifiably relied upon the municipal defendant's affirmative undertaking to act on his or her behalf (*see Cuffy v City of New York*, 69 NY2d 255, 260 [1987]; *Sorichetti v City of New York*, 65 NY2d 461, 469 [1985]).

Here, in support of its motion, the NYCTA demonstrated that it had no special relationship with the plaintiff, thereby establishing its prima facie entitlement to judgment as a matter of law (*see Weiner v Metropolitan Transp. Auth.*, 55 NY2d 175, 178 [1982]; *Banks v New York City Dept. of Educ.*, 70 AD3d 988, 990 [2010]; *Rios v New York City Tr. Auth.*, 251 AD2d 484 [1998]; *see also Cuffy v City of New York*, 69 NY2d 255, 260 [1987]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether an NYCTA employee observed a passenger

injuring him on NYCTA property and failed to summon emergency assistance in a timely manner from a position of safety, and whether such failure was a proximate cause of his injuries sufficient to bring his claim within an exception to the special relationship requirement (see *Crosland v New York City Tr. Auth.*, 68 NY2d 165, 170 [1986]; cf. *Bastien v New York City Tr. Auth.*, 67 AD3d 716 [2009]; *Murphy v New York City Tr. Auth.*, 74 AD3d 1158 [2010]). Accordingly, the Supreme Court should have granted the NYCTA's motion for summary judgment dismissing the complaint insofar as asserted against it (see *generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Covello, J.P., Miller, Angiolillo and Leventhal, JJ., concur.