■ ANN TURTON et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY, Respondent, et al., Defendant. [961 NYS2d 205]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Gavrin, J.), entered April 12, 2011, which granted the motion of the defendant New York City Transit Authority for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

On January 26, 2006, the injured plaintiff was assaulted by the defendant Gang M. Kim in front of a token booth at the Main Street subway station in Flushing, Queens. The injured plaintiff and her husband, suing derivatively, commenced this action to recover damages for personal injuries against the New York City Transit Authority (hereinafter the NYCTA) and Kim. The Supreme Court granted the NYCTA's motion for summary judgment dismissing the complaint insofar as asserted against it.

Generally, "[t]he New York City Transit Authority owes no duty to protect a person on its premises from assault by a third person, absent facts establishing a special relationship between [the NYCTA] and the person assaulted" (*Weiner v Metropolitan Transp. Auth.*, 55 NY2d 175, 178 [1982]; *see Frazier v Manhattan & Bronx Surface Tr. Operating Auth.*, 75 AD3d 619, 620 [2010]; *Banks v New York City Dept. of Educ.*, 70 AD3d 988, 990 [2010]; *Rios v New York City Tr. Auth.*, 251 AD2d 484 [1998]). In support of its motion, the NYCTA demonstrated that it did not have a special relationship with the injured plaintiff, thus establishing its prima facie entitlement to judgment as a matter of law (*see Weiner v Metropolitan Transp. Auth.*, 55 NY2d at 178; *Banks v New York City Dept. of Educ.*, 70 AD3d at 990; *Rios v New York City Tr. Auth.*, 251 AD2d at 484; *see also Cuffy v City of New York*, 69 NY2d 255, 260 [1987]). In opposition, the plaintiffs failed to raise a triable issue of fact as to whether a special relationship existed between the NYCTA and the injured plaintiff or as to whether the NYCTA employee who observed Kim assaulting the injured plaintiff failed to summon emergency assistance in a timely manner sufficient to bring her claim within an exception to the special relationship requirement (*see Crosland v New York City Tr. Auth.*, 68 NY2d 165, 170 [1986]; *Miller v City of New York*, 277 AD2d 363 [2000]; *Rios v New York City Tr. Auth.*, 251 AD2d at 484; *Tidd v New York City Tr. Auth.*, 218 AD2d 694 [1995]; *cf. Murphy v New York City Tr. Auth.*, 74 AD3d 1158 [2010]; *Bastien v New York City Tr. Auth.*, 67 AD3d 716 [2009]). Accordingly, the Supreme Court properly granted the NYCTA's motion for summary judgment dismissing

the complaint insofar as asserted against it. Dillon, J.P., Balkin, Chambers and Miller, JJ., concur.