■ Camille San Filippo, Appellant, v New York City Transit Authority, Respondent, et al., Defendants. Jannet Velez, Appellant, v New York City Transit Authority, Respondent, et al., Defendants. [964 NYS2d 129]—

Judgments, Supreme Court, New York County (Lottie E. Wilkins, J.), entered September 13, 2011, dismissing the complaints against defendant the New York City Transit Authority, and bringing up for review a consolidated order, same court and Justice, dictated on the record December 22, 2010,

which granted the Transit Authority's motion for judgment pursuant to CPLR 4401, unanimously reversed, on the law, without costs, the judgments vacated, the motion denied, and the jury verdicts awarding plaintiffs money damages reinstated. The Clerk is directed to enter judgment accordingly in favor plaintiff Camille San Filippo. This matter is remanded as to plaintiff Jannet Velez for further proceedings pursuant to CPLR article 50-B.

Plaintiffs are police officers who were injured in a subway station while a perpetrator struggled to resist their attempt to arrest him. The arrest stemmed from a criminal act that was committed in the street in plaintiffs' presence. The perpetrator fled and was chased by plaintiffs into the subway station. Upon entering the station plaintiffs, who were in plainclothes, displayed their shields and asked the station agent, Corbin, to call for backup support. At the time, Corbin was inside a locked token booth that was equipped with an Emergency Booth Communication System (EBCS) that would have enabled him to summon help by pressing a button or stepping on a pedal. Both plaintiffs were injured when the perpetrator put up a fierce and protracted struggle to resist arrest. Corbin watched the struggle from his token booth and did not activate the EBCS or make any other attempt to summon help. Plaintiffs' theory is that Corbin's failure to call for help constituted negligence which was a proximate cause of their injuries. The trial court granted the Transit Authority's motion for judgment, finding that Corbin was under no duty to call for any assistance to plaintiffs. We reverse.

Public Authorities Law § 1212 (3) imposes liability upon the Transit Authority for the negligence of its employees in the operation of the subway system. Although it is a common carrier, the Transit Authority is held to a duty of ordinary care under the particular circumstances of each case (*Bethel v New York City Tr. Auth.*, 92 NY2d 348, 351 [1998]). In *Crosland v New York City Tr. Auth.* (68 NY2d 165 [1986]), the Court of Appeals held that the Transit Authority could be held liable for the negligent failure of its employees to summon aid as they watched a gang of thugs fatally assault a passenger. As the Court stated, "Watching someone being beaten from a vantage point offering both safety and the means to summon help without danger is within the narrow range of circumstances which could be found to be actionable" (*id.* at 170 [citations omitted]). The trial court held that *Crosland* had no application here because plaintiffs were police officers. This was error.

The broad definition of onlooker liability articulated by the

*Crosland* Court does not lend itself to any exception based upon an injured party's status as a police officer. To be sure, General Obligations Law § 11-106 gives police officers as well as firefighters, who are injured in the line of duty, a distinct right of action against tortfeasors that cause such injuries. Accordingly, plaintiffs' recovery is not barred by their status as police officers and the Transit Authority's liability was established at trial. The Transit Authority also argues that the evidence did not establish that a timely response on Corbin's part would have prevented plaintiffs' injuries. We decline to consider this argument as it was raised for the first time on appeal. Were we to consider the argument, we would find it unavailing. Concur— Friedman, J.P., DeGrasse, Richter, Abdus-Salaam and Feinman, JJ.