■ Dorothy Jacobs, Appellant, v New York City Transit Authority, Respondent. [30 NYS3d 645]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Baynes, J.), dated October 1, 2013, which, inter alia, granted the defendant's motion for summary judgment dismissing the complaint, and (2) an order of the same court dated May 5, 2014, which denied the plaintiff's motion pursuant to, inter alia, CPLR 5015 (a) (3) to vacate the October 1, 2013, order.

Ordered that the orders are affirmed, with one bill of costs.

Generally, "[t]he New York City Transit Authority [hereinafter NYCTA] owes no duty to protect a person on its premises from assault by a third person, absent facts establishing a special relationship between [the NYCTA] and the person assaulted" (*Weiner v Metropolitan Transp. Auth.*, 55 NY2d 175, 178 [1982]; *see Frazier v Manhattan & Bronx Surface Tr. Operating Auth.*, 75 AD3d 619, 620 [2010]). A "special relationship" requires justifiable reliance by a plaintiff upon an af-

firmative undertaking by the municipal defendant to act on the plaintiff's behalf (*Weiner v Metropolitan Transp. Auth.*, 55 NY2d at 178; *see Cuffy v City of New York*, 69 NY2d 255, 260 [1987]; *Sorichetti v City of New York*, 65 NY2d 461, 469 [1985]). Nevertheless, as the Court of Appeals has recognized, an NYCTA employee's unreasonable failure to summon aid upon observing an injury being inflicted "from a vantage point offering both safety and the means to summon help without danger" may fall "within the narrow range of circumstances which could be found to be actionable" (*Crosland v New York City Tr. Auth.*, 68 NY2d 165, 170 [1986]).

Here, in support of its motion, the defendant NYCTA demonstrated that it had no special relationship with the plaintiff, thereby establishing its prima facie entitlement to judgment as a matter of law (*see Weiner v Metropolitan Transp. Auth.*, 55 NY2d 175, 178 [1982]; *Banks v New York City Dept. of Educ.*, 70 AD3d 988, 990 [2010]; *Rios v New York City Tr. Auth.*, 251 AD2d 484 [1998]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Crosland v New York City Tr. Auth.*, 68 NY2d at 170; *Frazier v Manhattan & Bronx Surface Tr. Operating Auth.*, 75 AD3d 619, 620 [2010]). The plaintiff's claims that an NYCTA employee observed another passenger injuring her on NYCTA property and failed to summon emergency assistance in a timely manner from a position of safety is based on speculation and conjecture, and thus, is insufficient to defeat the motion (*see Oppenheim v New York City Tr. Auth.*, 237 AD2d 588, 589 [1997]). Accordingly, the Supreme Court properly granted the NYCTA's motion for summary judgment dismissing the complaint (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

The Supreme Court also properly denied that branch of the plaintiff's motion which was pursuant to CPLR 5015 (a) (3) to vacate the order awarding summary judgment to the defendant dismissing the complaint, as the plaintiff failed to meet her burden of establishing fraud, misrepresentation, or other misconduct on the part of the defendant which could justify vacatur (*see US Bank N.A. v Smith*, 132 AD3d 848, 851 [2015]; *Politopoulos v City of New York*, 130 AD3d 706, 707 [2015]; *Empire State Conglomerates v Mahbur*, 105 AD3d 898, 899 [2013]).

The plaintiff's remaining contention is without merit (*see* CPLR 2221 [e]). Chambers, J.P., Austin, Roman and Duffy, JJ., concur.