Anghel v Ruskin Moscou Faltischek, P.C. (2021 NY Slip Op 00402)





Anghel v Ruskin Moscou Faltischek, P.C.


2021 NY Slip Op 00402


Decided on January 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2017-06185
 (Index No. 7265/14)

[*1]Maria-Lucia Anghel, etc., appellant,
v
Ruskin Moscou Faltischek, P.C., et al., respondents.


Maria-Lucia Anghel, Oceanside, NY, appellant pro se.
L'Abbate, Balkan, Colavita & Contini, LLP, Garden City, NY (Matthew J. Bizzaro of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Arthur M. Diamond, J.), dated May 8, 2017. The order, insofar as appealed from, denied the plaintiff's motion pursuant to CPLR 5015(a) to vacate so much of a prior order of the same court dated October 30, 2015, as granted those branches of the defendants' motion which were to change the venue of the action from New York County to Nassau County and pursuant to CPLR 3211(a) to dismiss the cause of action to recover damages for legal malpractice.
ORDERED that the order dated May 8, 2017, is affirmed insofar as appealed from, with costs.
In 2008, the New York State Department of Health Bureau of Professional Medical Conduct (hereinafter the BPMC) charged the plaintiff, a physician board certified in anesthesiology and pain management, with 25 specifications of professional misconduct as set forth in Education Law § 6530. The plaintiff retained the defendant law firm Ruskin Moscou Faltischek, P.C. (hereinafter RMF), to defend her against such charges. The defendant Alexander G. Bateman, Jr., sued herein as Alexander G. Bateman, a member of RMF, appeared on the plaintiff's behalf at the hearing before the BPMC.
After the hearing, in its determination and order dated July 13, 2009, the BPMC found, inter alia, that the plaintiff practiced the profession of medicine fraudulently in violation of Education Law § 6530, and it sustained 24 of the 25 specifications against her. As a penalty, among other things, BPMC revoked the plaintiff's license to practice medicine in New York and imposed a fine in the amount of $240,000.
Thereafter, the plaintiff directed RMF to commence a CPLR article 78 proceeding to review the BPMC's determination. In January 2011, after submission of the CPLR article 78 petition, RMF withdrew as the plaintiff's counsel and the plaintiff proceeded pro se. In an order dated July 28, 2011, the Appellate Division, Third Department, modified the BPMC's determination by annulling certain findings of misconduct, but found that the BPMC's determination with respect to the majority of the specifications was supported by substantial evidence and did not disturb the [*2]penalty imposed (see Matter of Anghel v Daines, 86 AD3d 869).
In January 2014, alleging that her defense before the BPMC was mishandled, the plaintiff commenced this action against RMF, Bateman, and the defendant Douglas J. Good in the Supreme Court, New York County, seeking to recover damages for legal malpractice, breach of contract, violation of Judiciary Law § 487, and breach of fiduciary duty. The defendants moved, inter alia, pursuant to CPLR 503, 510, and 51l to change the venue of this action from New York County to Nassau County, and pursuant to CPLR 3211(a) to dismiss the complaint. In an order dated October 30, 2015, the Supreme Court, Nassau County, among other things, granted those branches of the defendants' motion which were to change the venue of this action to Nassau County, and to dismiss the cause of action alleging legal malpractice (hereinafter the October 2015 order). The plaintiff did not appeal from the October 2015 order.
In March 2017, the plaintiff moved pursuant to CPLR 5015(a)(2) and (3) to vacate so much of the October 2015 order as granted those branches of the defendants' motion which were to change the venue of the action to Nassau County and to dismiss the legal malpractice cause of action. In an order dated May 8, 2017, the Supreme Court, inter alia, denied the plaintiff's motion. The plaintiff appeals.
CPLR 5015(a)(2) permits a court to relieve a party from an order or judgment on the ground of newly discovered evidence. "Newly discovered evidence is evidence which was in existence but undiscoverable with due diligence at the time of the original order or judgment" (Wall St. Mtge. Bankers, Ltd. v Rodgers, 148 AD3d 1088, 1089). "In order to succeed on a motion pursuant to CPLR 5015(a)(2) to vacate an order or judgment on the ground of newly discovered evidence, the movant must establish that the evidence could not have been discovered earlier through the exercise of due diligence . . . and that the newly discovered evidence would probably have produced a different result" (Wall St. Mtge. Bankers, Ltd. v Rodgers, 148 AD3d at 1089).
"'CPLR 5015(a)(3) permits a court to vacate a judgment or order upon the ground of fraud, misrepresentation, or other misconduct of an adverse party'" (U.S. Bank, N.A. v Robinson, 168 AD3d 1120, 1121, quoting EMC Mtge. Corp. v Toussaint, 136 AD3d 861, 862-863).
Here, we agree with the Supreme Court's determination rejecting, as not supported by the record, the plaintiff's contention that the defendants engaged in a fraudulent scheme of ex parte communications and appearances with the Supreme Court in an effort to take advantage of her and that she was unaware of those ex parte appearances and communications at the time of the defendants' initial motion (see M & T Bank v Crespo, 181 AD3d 667, 668). The plaintiff and/or her prior counsel were copied on all of the challenged communications. The fact that the plaintiff failed to see those communications did not render them ex parte. Moreover, the substance of such communications was irrelevant to the issues before the court in adjudicating the defendants' motion, inter alia, to change the venue of the action and to dismiss the legal malpractice cause of action. Further, the purported ex parte appearances as listed in the eCourts website were merely a recitation of the procedural history relating to the filing, the adjournments, and the ultimate submission of the defendants' initial motion. As such, the plaintiff failed to establish that the outcome of the defendants' initial motion would have been different had she known about the purported scheme (see Maddaloni v Maddaloni, 163 AD3d 792, 794), or that such purported scheme rose to the level of fraud sufficient to warrant vacatur of certain portions of the October 2015 order (see Law Offs. of Harvey A. Arnoff v Smolian, 173 AD3d 1152, 1153; Jacobs v New York City Tr. Auth., 138 AD3d 779, 780).
The parties' remaining contentions either are without merit or have been rendered academic in light of our determination.
AUSTIN, J.P., MILLER, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court