Sands v City of New York

2026 NY Slip Op 01998

April 1, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Shadia Sands, etc., appellant,

v

City of New York, et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 1, 2026

2024-04536, (Index No. 704575/14)

Colleen D. Duffy, J.P.

William G. Ford

Donna-Marie E. Golia

Susan Quirk, JJ.

Gentile & Associates, New York, NY (Laura Gentile of counsel), for appellant.

Barry McTiernan & Moore, LLC, New York, NY (John V. Wynne, Laurel A. Wedinger, and Courtney Chadwell of counsel), for respondents.

[*1]

DECISION & ORDER

In an action to recover damages for negligence, the plaintiff appeals from an order of the Supreme Court, Queens County (ChereÉ A. Buggs, J.), dated February 15, 2024. The order granted the defendants' motion for summary judgment dismissing the complaint and to strike certain allegations asserted in the plaintiff's bill of particulars.

ORDERED that the order is affirmed, with costs.

The plaintiff commenced this action against the defendants alleging, inter alia, that in connection with a shooting in Queens in which the plaintiff's decedent was killed when an assailant fired shots that penetrated a bus, the bus driver was negligent in failing to "take reasonable and proper steps to protect the passengers of his bus," leading to the decedent's death. Following the joinder of issue, the defendants moved for summary judgment dismissing the complaint and to strike certain allegations asserted in the plaintiff's bill of particulars. The plaintiff opposed the motion. In an order dated February 15, 2024, the Supreme Court granted the defendants' motion. The plaintiff appeals.

"When a negligence claim is asserted against a municipality, the first issue for a court to decide is whether the municipal entity was engaged in a proprietary function or acted in a governmental capacity at the time the claim arose" (Hershkovitz v Brown, 234 AD3d 946, 947 [internal quotation marks omitted]; see Marino v City of New York, 223 AD3d 888, 889). "'This is so because, if the action challenged in the litigation is governmental, the existence of a special duty is an element of the plaintiff's negligence cause of action'" (Ferreira v City of Binghamton, 38 NY3d 298, 308, quoting Connolly v Long Is. Power Auth., 30 NY3d 719, 727). "Where the public entity serves a dual proprietary and governmental role, the analysis involves determining where, along the spectrum of proprietary and governmental functions, the defendant's alleged negligence falls" (Strassburger v Unicarriers Ams. Corps., 225 AD3d 921, 923 [internal quotation marks omitted]; see Kadymir v New York City Tr. Auth., 55 AD3d 549, 551). "In light of the fact that the varied functions of a governmental entity can be interspersed with both governmental and proprietary elements, the determination of the primary capacity under which a governmental agency was acting turns solely on the specific acts or omissions claimed to have caused the injury" (Strassburger v Unicarriers Ams. Corps., 225 AD3d at 924 [internal quotation marks omitted]; see Kadymir v New [*2]York City Tr. Auth., 55 AD3d at 552).

Here, the defendants established, prima facie, that the bus driver was exercising a governmental function in the course of his employment as a bus driver with the New York City Transit Authority, and that no special relationship existed between the defendants and the decedent (see Weiner v Metropolitan Transp. Auth., 55 NY2d 175, 181; New York City Tr. Auth. v Transport Workers Union of Am., AFL-CIO, 35 AD3d 73, 75). In opposition, the plaintiff failed to raise a triable issue of fact (see Adams v Suffolk County, 234 AD3d 1, 6; see also Applewhite v Accuhealth, Inc., 21 NY3d 420, 430; cf. Crosland v New York City Tr. Auth., 68 NY2d 165, 170).

The plaintiff's remaining contention is without merit.

DUFFY, J.P., FORD, GOLIA and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court